**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**JORDAN BROWN,**
      On behalf of himself and all similarly
        situated individuals,

          **Plaintiff,**

    **v.**                                        **Civil Action No. _____**

**CITY OF HAMPTON, VIRGINIA,**
      SERVE:      Interim City Attorney
                     Cynthia E. Hudson
                     22 Lincoln Street
                     8th Floor
                     Hampton, VA 23669

**SOUTHERN AUTO FINANCE**
**COMPANY, LLC, d/b/a SAFCO,**
      SERVE:      4701 Cox Road, Suite 285
                     Glen Allen, Virginia 23060

**MVTRAC, LLC, a/k/a MVCONNECT, LLC,**
      SERVE:      SECRETARY OF THE
                     COMMONWEALTH
                     P.O. Box 2452
                     Richmond, VA 23219

**SAFCO WAREHOUSE SPV 1, LLC,**
      SERVE:      The Corporation Trust Company
                     Resident Agent
                     Corporation Trust Center
                     1209 Orange St
                     Wilmington, DE  19801

          **Defendants.**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Jordan Brown, by counsel, on behalf of himself and others

and proposed classes and states as follows in commencing this civil action:

## INTRODUCTION AND PRELIMINARY STATEMENT

1.     This civil action is brought by an active duty servicemember and concerns his rights and the rights of other active duty servicemembers established by the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C.A. § 3901, *et seq.,* which was enacted for the express purpose:

> **(1)** to provide for, strengthen, and expedite the national defense through protection extended by this chapter to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> **(2)** to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 U.S.C.A. § 3902. *See also* [Servicemembers' Civil Relief Act (SCRA) | United States Courts (uscourts.gov)](uscourts.gov).

2.     Here, Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, d/b/a SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") violated the SCRA's bar from executing on automobile liens without first obtaining a court order as required by the SCRA. 50 U.S.C.A. § 3958(a). Instead of complying with the mandatory requirements of the SCRA, SPV1, MVTRAC, and SAFCO, directly and indirectly, waived any rights they may have had under their agreement with the Plaintiff and similar active duty servicemembers.

3.     This action is also brought by a consumer on his own behalf and on behalf of others similarly situated alleging damage for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, arising from the illegal seizure of Plaintiff's motor vehicle by Defendants SAFCO, SPV 1, MVTRAC, and the City of Hampton (collectively "Defendants") when they had no legal right to take Plaintiff's vehicle and the vehicles of the

putative class members. This action is also brought against SAFCO, SPV 1, and MVTRAC, for their negligence in the wrongful seizure of Plaintiff's vehicle. Plaintiff also seeks money damages for conversion against SAFCO, SPV 1, and MVTRAC and pursuant to the Uniform Commercial Code (UCC) for, among other things, the seizure of his automobile by Defendants, when they had no right to do so, for their failure to comply with Title 8.1 and with Title 9A of the UCC, for their wrongful conversion of his vehicle, and for trespass to chattels.

4.      Additionally, this action is also brought by a citizen of the United States on his own behalf and on behalf of others similarly situated alleging damage from the unlawful and unconstitutional conduct of the City of Hampton Police Department, which, acting under color of state law, engaged in a policy, practice, or custom of facilitating and effectuating civil repossession arrests in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, the Hampton Police Department, without legal authority and in violation of clearly established law, assisted in and carried out the wrongful arrest of Plaintiff Jordan Brown and other similarly situated individuals during the unlawful repossession of their personal vehicles. The Hampton Police Department's actions were not isolated incidents but part of a broader pattern of unconstitutional conduct, whereby officers, acting without probable cause and under the guise of legal authority, deprived Plaintiff and other class members of their liberty and property rights. This conduct resulted in unlawful seizures, arrests, and the deprivation of fundamental constitutional protections afforded to all citizens, including active duty servicemembers like Plaintiff, who have sworn to defend those protections.

5.      Pursuant to the claims asserted against all Defendants as described herein, Plaintiff seeks statutory damages, actual damages, and punitive damages as the Court may allow, along with costs and attorney's fees against Defendants.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. § 1692k(d), 50 U.S.C.A. § 3912(c), 50 U.S.C.A. § 3912 and has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a).

7.     This Court also has Article III jurisdiction because the damages and practices subject to this action involve actual damages and losses caused by illegal or unfair taking of property. The common law has long recognized such jurisdiction of the Courts in these situations. *See e.g. Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454 (4th Cir. 2011).

8.     By ratifying the Constitution of the United States and becoming the tenth state to do so on June 26, 1788, the Commonwealth of Virginia, and its local governments, including the City of Hampton, yielded any claims of sovereignty to the national power of the United States to raise and support the Armed Forces. As a result, "Congress may legislate at the expense of traditional state sovereignty to raise and support the Armed Forces." *Torres v. Texas Dep't of Pub. Safety*, 142 S. Ct. 2455, 2465 (2022). This waiver of sovereignty by the Commonwealth of Virginia is not limited to times of war. *Id.* Consequently, the Commonwealth of Virginia and its local governments and instrumentalities, including the City of Hampton, "waived [its] immunity under Congress' Article I power '[t]o raise and support Armies' and 'provide and maintain a Navy.'" *Id. Cf.* 50 U.S.C.A. § 3902.

9.     The SCRA is a remedial statute, and its scope is broad. Congress did exempt certain actions and actors from its scope. However, neither the Commonwealth of Virginia nor any of its local governments or instrumentalities, including the City of Hampton or the conduct at issue, were so exempted by Congress directly or indirectly from liability for the damages, losses, and attorney fees incurred by the Plaintiff and putative class members as a direct and

proximate result of the acts and omissions of the City of Hampton Police Department officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") described herein.

10. Venue is proper in the United States District Court for the Eastern District of Virginia, Newport News Division, pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and Local Civil Rule 3(C), where Defendants regularly conduct business, where all the wrongful conduct occurred, and where Plaintiff was visiting when all complained-of actions herein occurred.

**PARTIES**

11. Plaintiff Jordan Brown ("Mr. Brown") is a natural person who currently resides in the Commonwealth of Virginia and at all relevant and material times to this action is a person subject to the protections of the SCRA as he is an active duty servicemember (as that term is defined by 50 U.S.C.A. § 3911(1)). Mr. Brown is also a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3). Mr. Brown is the lawful owner of a Nissan Altima (VIN# 1N4AL3AP3JC192352) (License Plate: TX NLV2834) that was subject to these proceedings (hereinafter the "Brown Vehicle").

12. Defendant City of Hampton, operates a police department which was directly involved and aided and abetting the wrongful conduct at issue in this action in violation of the SCRA. The City of Hampton's police department engaged officers, including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS" and other unknown officers, who actively participated in the unlawful tow and conversion of the Brown Vehicle, and other similar vehicles owned by active duty servicemembers, in violation of the SCRA and Virginia common law. It also is a political subdivision of the Commonwealth of Virginia. The City employs more than five hundred (500) employees and has done so at all times pertinent to this action. The City of Hampton is entitled to no immunity under the SCRA and the Defendants are not entitled to claim any as well

(directly or indirectly) through the participation of any known or unknown individual officer involved in the occurrence.

13. The City of Hampton may be served by serving its City Attorney, Courtney Sydnor at 22 Lincoln Street, 8th Floor, Hampton, Virginia 23669.

14. Defendant MVTRAC is an entity that uses one or more instrumentalities of interstate commerce or the mails in businesses the principal purpose of which is the enforcement of security interests, including the taking of nonjudicial action to effect dispossession of property claimed as collateral through enforceable security interests. MVTRAC is a debt collector subject to the FDCPA, and MVTRAC actively participated in the unlawful tow and conversion of the Brown Vehicle, and other similar vehicles owned by active duty servicemembers, in violation of the SCRA and Virginia common law.

15. Defendant SAFCO is a foreign corporation with its principal place of business located at 413 E. Atlantic Blvd., Pompano Beach, Florida 33060, and has as its registered agent Marissa X. Kaliman, SAFCO, 413 E. Atlantic Blvd., Pompano Beach, Florida 33060, and is further a limited liability company that is authorized to do business in Virginia and that has as its registered agent CT Corporation, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6802. SAFCO actively participated in the unlawful tow and conversion of the Brown Vehicle through its agents and subagents (including the co-defendants in this action), and other similar vehicles owned by active duty servicemembers, in violation of the SCRA and Virginia common law.

16. Defendant SPV 1 is a limited liability company formed in the State of Delaware and has as its registered agent the Corporation Trust Company located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

17.     Not named as a party to this Complaint is TORRES TOWING, which is an entity that uses one or more instrumentalities of interstate commerce or the mails in businesses the principal purpose of which is the enforcement of security interests, including the taking of nonjudicial action to effect dispossession of property claimed as collateral through enforceable security interests.  At all times described herein, Torres Towing acted as the authorized agent on behalf of SAFCO, SPV 1, and MVTRAC in relation to the repossession of the Plaintiff's vehicle. SAFCO, SPV 1, and MVTRAC had the opportunity to cure the acts and omissions of TORRES TOWING taken on their behalf but instead chose to ratify the unfair, deceptive, and wrongful conduct.

## STATEMENT OF FACTS

### Mr. Brown finances the sale of a used motor vehicle through
### H & R Auto Motors who assigns the related Loan to SAFCO (and its captive SPV 1).

18.     On July 11, 2020, Mr. Brown bought a used 2018 Nissan Altima ("Brown Vehicle") from H & R Auto Motors in San Antonio, Texas for personal, non-commercial purposes.

19.     As part of the transaction and to finance the purchase, Mr. Brown agreed to a Motor Vehicle Retail Installment Contract and Security Agreement with H & R Auto Motors which required Mr. Brown to make certain payments ("Brown Loan").

20.      H & R Auto Motors immediately assigned the Brown Loan to SAFCO on July 11, 2020.

21.     Upon information and belief, based upon industry practices and public disclosures, SAFCO then assigned the Brown Loan to its captive affiliate SPV 1, but SAFCO retained the collection rights on the Brown Loan.  SPV 1 remains the owner of the Brown Loan.

22.     To carry out its collection work on behalf of SPV 1, SAFCO has entered into an agreement with MVTRAC to manage, in whole or in part, its collection by repossession of vehicles

when a consumer auto loan, like the Brown Loan, is in default. In turn, MVTRAC engages local tow companies like Torres Towing to perform tows of vehicles authorized and scheduled by SAFCO for automobile loans that are in default.

**With the direct and illegal aid and assistance of the authorized officers of the City of Hampton, MVTRAC, SAFCO, and TORRES TOWING unlawful seizure Mr. Brown's vehicle on behalf of SPC 1 even though there was no court order granting any right to do so under the SCRA and the seizure constituted a breach of the peace.**

23.     On March 20, 2024, at around 3:00AM, Brown was visiting Virginia and was located in the City of Hampton inside the Brown Vehicle.

24.     While he was inside the Brown Vehicle, Torres Towing hooked up the Brown Vehicle to its tow truck while acting as an authorized agent for MVTRAC, SAFCO, and SPV 1 for the purpose of collecting upon the Brown Loan.

25.     The acts taken by Torres Towing described in the paragraph, which were expressly authorized by MVTRAC, SAFCO, and SPV 1, we done voluntarily by MVTRAC, SAFCO, and SPV 1 and expressly with knowledge that they were voluntarily electing to waive any prior agreements and rights they may have had pursuant to the SCRA and also under the terms of the Brown Loan.

26.     Since he was acting peacefully and was inside the Brown Vehicle, Brown became extremely frantic, panicked, frustrated, and angry with the action of Torres Towing on behalf of MVTRAC, SAFCO, and SPV 1. Brown also objected to the tow in all of his communications to the Torres Towing representative and the City of Hampton Police Department officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS").

27.     Brown demanded that the Torres Towing representative unhook the Brown Vehicle from the tow truck since he was inside the vehicle before it was hooked up and while it was hooked

up. The Torres Towing representative refused to unhook the Brown Vehicle. Instead, Torres Towing called the City of Hampton police department to come lend aid and assistance to its non-peaceable tow attempt while Brown remained inside the Brown Vehicle which was hooked to the Torres Towing truck while he was inside the vehicle.

28. Multiple officers of the City of Hampton Police Department (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") came to the scene where the Brown Vehicle was hooked up and their bodycam video footage confirms the following:

a. No court order was shown to any officer by the representative of Torres Towing to permit any repossession of the Brown Vehicle. Nor did any City of Hampton officer ask to even see a court order authorizing the repossession and tow.

b. Brown repeatedly represented to the officers that he was an active duty servicemember.

c. No officer or even the representative of Torres Towing, acting on behalf of MVTRAC, SAFCO, and SPV 1, attempted to verify Brown's active duty status through a simple search of SCRA (osd.mil).

d. Brown did nothing wrong and was respectful and peaceful at all times and continued to object to the unlawful tow.

e. After several minutes of communications, the City of Hampton Police officers physically removed Brown from the Brown Vehicle over his objections while the Brown Vehicle remained hooked up to the Torres Towing truck at the direction and control of MVTRAC, SAFCO, and SPV 1.

f. The City of Hampton police officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") manufactured a false arrest of Brown to justify

his removal from the Brown Vehicle claiming he obstructed justice. This conclusion is supported by the facts that (i) there was no lawful repossession of the Brown Vehicle since the repossession constituted a Federal crime (50 .U.S.C.A. § 3958(c)), (ii) Va. Code Ann. § 15.2-1704.B explains "[a] police officer has no authority in civil matters…" and Va. Code Ann. § 8.9A-609(b) explains the civil remedy of repossession may only occur "(1) pursuant to judicial process; or (2) without judicial process, if it proceeds without breach of the peace" which also barred any lawful right of repossesion of the Brown Vehicle under the circumstances presented, and (iii) when the trumped up charge came before a state court trial on July 12, 2024, no City of Hampton police offer came to offer any lawful basis for the arrest to the state court.

29. The actions of the City of Hampton Police Department officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") in the wrongful tow of the Brown Vehicle were also not authorized by Virginia law. In fact, by statute, none of the City of Hampton Police Department officers had any authority whatsoever regarding the civil matter of repossession, or to intervene in a self-help repossession by a secured party. Va. Code § 15.2-1704.

30. The actions of the City of Hampton Police Department officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") in the wrongful tow of the Brown Vehicle were also not neutral or taken with any effort to keep the peace.

31. At no time during the occurrence, did the City of Hampton Police Department officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") direct the Torres Towing representative or Brown to seek a judicial determination of the right to repossession required under the SCRA and also Virginia law based upon the circumstances presented.

32.     Following the unlawful tow, Brown engaged counsel to try to negotiate a correction to the wrongful acts and omissions Defendants SAFCO and SPV 1 through their authorized agents MCTRAC and Torres Towing on April 15, 2024, and April 19, 2024 with Marissa Kaliman, who is SAFCO's Vice President of Compliance and General Counsel. SAFCO failed to respond to those efforts and otherwise waived any lawful rights and remedies it may have had available to it pursuant to the terms of the Brown Loan, which also compounded the damages incurred by Brown.

33.     Following the unlawful tow, Brown also engaged counsel to also try to negotiate a correction to the wrongful acts and omissions of Defendants MVTRAC and Torres Towing on April 24, 2024 with counsel to MVTRAK.    The attempt at early resolution was unsuccessful and MVTRAC also waived any lawful rights and remedies it may have had available to it pursuant to the terms of the Brown Loan, which also further compounded the damages incurred by Brown.

34.     As a direct and proximate result of the unlawful tow of the Brown Vehicle, Brown has sustained damages and losses including:

     a.   The incident has put Brown in a false negative light in the community since he now has an unlawful repossession on his record which was illegal and otherwise not permitted under the law.

     b.   The false arrest has also put Brown in a false negative light in the community since it is part of the public records, and he incurred time and expense to engage a court reporter, counsel, and transportation to appear in state court only to have the City of Hampton police department fail to appear to justify their unlawful actions and arrest.

     c.   Brown incurred costs of an attorney(s) and court reporter to appear on his behalf in the state court proceeding based upon the actions of the City of Hampton Police

Department officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") and false arrest.  The value of this property to Brown is no less than $10,000.00.

d.  Brown has lost his possessions and property that were inside the Brown Vehicle and the Brown Vehicle itself that MVTRAC, SAFCO, and SPV 1 have refused to return and City of Hampton police officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS") wrongfully aided and abetting the unfair, deceptive, and wrongful tow.  The value of this property to Brown is no less than $10,000.00.

e.  Brown has sustained emotional distress manifested by embarrassment, anxiety, depression, sleeplessness, worry, frustration, and other similar physical symptoms which are ongoing.

f.  Brown has not had use of the Brown Vehicle and has had to incur transportation expenses and lost time that would not have been incurred but for the unlawful taking of the Brown Vehicle by MVTRAC, SAFCO, and SPV 1, who have refused to return it, and by City of Hampton police officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS").  The value of this loss to Brown is no less than $5,000.00 and is ongoing.

**As a debt collector, Defendant MVTRAC**
**had no right to take possession, directly or indirectly through agents like Torres**
**Towing, of any vehicle owned by an active duty servicemember without a court**
**order or in breach of the peace under Virginia law.**

35.  A debt collector or any other person, including the City of Hampton police officers (including an officer identified as "QUILES, J. (WYTH, NIGH) (451) OPTS"), have the means and ability for free to quickly determine whether a person, like Brown, is an active duty

servicemembers by performing a search of the Official Servicemembers Civil Relief (SCRA) Website located at [SCRA (osd.mil)](SCRA (osd.mil)).

36.    Had any of the Defendants performed the simple search with the information available to them in relation to Brown and the putative class members, they would have quickly determined a repossession and tow was not permitted.  For example, in the case of Brown, the search would have quickly (within seconds) revealed the following:



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

| | |
|---|---|
| SSN: | XXX-XX-9540 |
| Birth Date: | Sep-XX-1997 |
| Last Name: | BROWN |
| First Name: | JORDAN |
| Middle Name: | |
| Status As Of: | Mar-20-2024 |
| Certificate ID: | TK418PMQBCN2JQX |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| Oct-18-2016 | Still Serving | Yes | Air Force Active Duty |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

37.    Absent a proper court order granted before enforcement of any lien on the property, such as Defendants SAFCO's and SPV 1's claimed lien on the Brown Vehicle, no person has any

right to enforce such lien including by executing a repossession related to property owned by an active duty servicemember.  50 U.S.C.A. § 3958(a).

38.     Even if an order may have been issued to enforce a lien it also must be an order enrolled in the state where the enforcement takes place before any enforcement occurs, since a foreign order is of no effect until properly enrolled in the jurisdiction where it will be executed.

39.     Under Virginia law, no right to repossess—even under the color of law with the aid and assistance of the City of Hampton Police Department officers but without any court order— exists where the repossession will constitute a breach of the peace.  Va. Code Ann. § 8.9A-609(b).

40.     At the time MVTRAC, directly and indirectly through its network of agents including Torres Towing, seized the vehicles of the MVTRAC Class (also referred herein as "SCRA Class") members and also the Brown Vehicle, others including SAFCO and SPV 1, had a security interest in the vehicles and were the creditors to whom Mr. Brown and the SCRA Subclass members owed monthly payments on their loans.

41.     For the purpose of § 1692f(6), the term "debt collector" as defined by the FDCPA includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6). ("For the purpose of section 1692f(6) of this title, (the term "debt collector") also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.")

42.     Under the FDCPA, the taking of nonjudicial action to effect dispossession or disablement of property claimed as collateral through an enforceable security interest is a *per se* unfair practice if there is no present right to possession of the property, when done with respect to

property claimed as collateral for a debt incurred primarily for personal, family, or household purposes.

43.     There was no present right to possession of the Brown Vehicle or the vehicles of the MVTRAC Class and SAFCO Class members by anyone at the time of their seizure and repossession by MVTRAC and its network of tow agents including Torres Towing from Mr. Brown and members of the MVTRAC Class and SAFCO Class .

44.     Mr. Brown and the members of the MVTRAC Class purchased their vehicles subject to this action as their personal motor vehicles, having purchased them primarily for personal, family, or household purposes, bringing the seizure of the Brown Vehicle and the vehicles of the MVTRAC Class members within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

45.     Mr. Brown and the members of the SAFCO Class  purchased their vehicles subject to this action as their personal motor vehicles, having purchased them primarily for personal, family, or household purposes, bringing the seizure of the Brown Vehicle and the vehicles of the SAFCO Class members within the purview of the SCRA.

46.     Defendants MVTRAC, SAFCO, and SPV 1's seizure of Mr. Brown's vehicle was also covered by the Title 9A of the UCC, which applies to any transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract. Va. Code § 8.9A-109(a)(1). *Cappo Management V, Inc., t/a Victory Nissan of Chesapeake v. Britt*, 283 Va. 33, 38 (Va. 2011); *Barnette v. Brook Road, Inc.,* 457 F. Supp. 2d 647, 658 (E.D. Va. 2006).

47.     MVTRAC and Torres Towing functioned as authorized agents of SAFCO and SPV 1, for the purpose of taking or threatening to take any nonjudicial action related to the Brown Vehicle and the vehicles of the SCRA Class members to effect dispossession of property claimed

as collateral through enforceable security interests. *Watson v. United Consumers, Inc.*, 2010 U.S. Dist. LEXIS 58916, *10 (ED Va. 2010).

48.     Defendants had no factual basis to seize the Brown Vehicle or the vehicles of the MVTRAC Class members without a valid and enforceable court order in the jurisdiction where the repossession took place.

49.     Defendants had no legal basis to seize the Brown Vehicle or the vehicles of the MVTRAC Class members.

## Class Action Allegations

50.     Plaintiff brings this action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and specifically on behalf of the following MVTRAC Class:

> All persons who MVTRAC, directly or indirectly through its network of tow agents, including Torres Towing, seized or repossessed their personal vehicles who fall into one or more of the following groups (and subclasses):
>
> > (1) were borrowers (or the assigns or successors in interest to the borrowers) on personal loan secured by vehicle that was owned by another at a time when the person was an active duty servicemember ("MVTRAC SCRA Subclass"); or
> >
> > (2) were borrowers (or the assigns or successors in interest to the borrowers) on vehicle loans to which MVTRAC seized or repossessed the ordered and arranged the seizure of the vehicle based upon the loans's status as 30 days or more delinquent or in default on loan payment obligations or other standard default terms as defined by the loan instruments ("MVTRAC FDCPA Subclass").

51.     Plaintiff also brings this action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and specifically on behalf of the following **SAFCO Class:**

> All persons who SAFCO or SPV 1, directly or indirectly through MVTRAC or another other agent, seized or repossessed their personal vehicles who were borrowers (or the assigns or successors in interest to the borrowers) on personal loan secured by vehicle at a time when the person was an active duty servicemember.

52.      Plaintiff also brings this action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and specifically on behalf of the following **City of Hampton Class:**

> All persons who the City of Hampton Police Department and its officers, directly or indirectly, aided the seizure or repossessed their personal vehicles who were borrowers (or the assigns or successors in interest to the borrowers) on personal loan secured by vehicle at a time when the person was an active duty servicemember.

53.      Mr. Brown and the members of the putative MVTRAC Class (and its subclasses), SAFCO Class, and City of Hampton Class are identifiable through the Defendants' electronic or other records.

54.      Excluded from membership in the MVTRAC Class (and its subclasses), SAFCO Class, and City of Hampton Class are any entities that have a controlling interest in any of the Defendants, their agents, and employees and pollical officers, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

55.      Plaintiff proposes that he serves as the representative for the MVTRAC Class (and its subclasses), SAFCO Class, and City of Hampton Class since he is a member of each.

56.      Plaintiff and the members of the MVTRAC Class (and its subclasses), SAFCO Class, and City of Hampton Class have all been harmed by the actions of the Defendants by having been subjected to unlawful tows and repossessions. Other honest financial service companies and local police departments are also harmed by the Defendants' acts and omissions in violation of the SCRA and the FDCPA and Virginia common law when seeking and realizing a competitive advantage of pursuing repossessions barred by law.

57.      Numerosity is satisfied. There are at least fifty members of the MVTRAC Class (and each of its subclasses), SAFCO Class, and City of Hampton Class.

58.      Individual joinder of these persons is impracticable.

59.     There are questions of law and fact common to Plaintiff and to the MVTRAC Class (and its subclasses), including, but not limited to:

a.  Whether MVTRAC verifies the active-duty status of a debtor for whom it was engaged to seize or repossess their vehicle when hired by creditors and collectors like SAFCO and SPV 1;

b.  Whether MVTRAC obtains an enforceable court order before seizing or repossessing an active-duty servicemembers' vehicle directly or indirectly through its network of tow agents;

c.  Whether MVTRAC reasonably supervises the work of its network of tow agents to ensure compliance with the SCRA;

d.  Whether MVTRAC violated the SCRA and FDCPA by authorizing the seizure and towing of personal vehicles owned by active duty servicemembers without first obtaining an enforceable court order in the jurisdiction when the seizure or repossession will take place;

e.  Whether Plaintiff and the members of the MVTRAC Class (and its subclasses) were damaged by MVTRAC's conduct and/or the conduct of its authorized agent(s), including Torres Towing;

f.  Whether Plaintiff and the members of the MVTRAC Class (and its subclasses) are entitled to actual and/or statutory or punitive damages as a result of MVTRAC's actions;

g.  Whether Plaintiff and the members of the MVTRAC Class (and its subclasses) are entitled to prejudgment interest on their claims against MVTRAC;

h.   Whether MVTRAC should be enjoined from conducting repossessions or seizures of servicemember vehicles without compliance with the SCRA;

i.   Whether Plaintiff and the members of the MVTRAC Class and (its subclasses) are entitled to attorney's fees and costs.

60.      There are questions of law and fact common to Plaintiff and to the SAFCO Class, including, but not limited to:

a.   Whether SAFCO or SPV 1 verifies the active-duty status of a debtor for whom they elect to seize or repossess their vehicle;

b.   Whether SAFCO or SPV 1 obtain an enforceable court order before seizing or repossessing an active-duty servicemembers' vehicle directly or indirectly through their agents like MVTRAC;

c.   Whether SAFCO or SPV 1 reasonably supervises the work of its collectors acting as tow agents to ensure compliance with the SCRA.

d.   Whether SAFCO or SPV 1 violated the SCRA by authorizing the seizure and towing of personal vehicles owned by active duty servicemembers without first obtaining an enforceable court order in the jurisdiction when the seizure or repossession will take place;

e.   Whether Plaintiff and the members of the SAFCO Class were damaged by SAFCO's or SPV 1's conduct and/or the conduct of its authorized agent(s), including MVTRAC;

f.   Whether Plaintiff and the members of the SAFCO Class are entitled to actual and/or punitive damages as a result of SAFCO's actions;

g.   Whether Plaintiff and the members of the SAFCO Class are entitled to prejudgment interest on their claims against SAFCO or SPV 1;

h.   Whether SAFCO or SPV 1 should be enjoined from conducting repossessions or seizures of servicemember vehicles without compliance with the SCRA; Whether Plaintiff and the members of the SAFCO Class are entitled to attorney's fees and costs.

61.   There are questions of law and fact common to Plaintiff and to the City of Hampton Class, including, but not limited to:

a.   Whether the City of Hampton Police department reasonably supervises its officers participating in the seizure or repossession of personal vehicles owned by active duty servicemembers;

b.   Whether the City of Hampton Police Department and its officers verify the active-duty status of a debtor for whom they elect to permit the seizure or repossession of a personal vehicle within the jurisdiction of the City of Hampton;

c.   Whether the City of Hampton Police Department and its officers even inquire if a tow company seeking to tow the vehicle of an active-duty servicer member has obtained an enforceable court order before seeking to seize or repossess an active-duty servicemembers' vehicle;

d.   Whether the City of Hampton Police Department and its officers are permitted to provide the color of law to support the illegal seizure or repossession of a vehicle in light of 50 U.S.C.A. § 3958(c).

e. Whether Plaintiff and the members of the City of Hampton Class are entitled to actual and/or punitive damages as a result of the City of Hampton's Police Department and its officers' actions;

f. Whether Plaintiff and the members of the City of Hampton Class are entitled to prejudgment interest on their claims against the City of Hampton;

g. Whether the City of Hampton Police Department and its officers should be enjoined from aiding and abetting the repossessions or seizures of servicemember vehicles under the color of law without ensuring compliance with the SCRA; Whether Plaintiff and the members of the City of Hampton Class are entitled to attorney's fees and costs.

62. Plaintiff's claims are typical of the claims of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class. The Defendants seized or repossessed all of them without regard to the protections enacted by Congress in the SCRA as part of their standard, uniform practices.

63. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the MVTRAC Class, SAFCO Class, and City of Hampton Class members, and he will adequately and fairly protect the interests of the MVTRAC Class, SAFCO Class, and City of Hampton Class members. Plaintiff has taken action before filing this complaint, by hiring skilled and experienced counsel to represent the interests of the MVTRAC Class, SAFCO Class, and City of Hampton Class and conducting reasonable pre-suit investigation.

64. Plaintiff has hired counsel that are skilled and experienced in class actions and are adequate Class Counsel capable of protecting the interests of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class members.

65. Common questions of law and fact predominate over questions affecting only individual members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class, and a class action is the superior method for fair and efficient adjudication of this controversy.

a. Because of the nature of the specific remedial protection at issue in this action—the statutory bar of the seizure or repossession of an active duty servicemember's vehicle) the predominated issue—it is desirable to concentrate these questions in one forum.

b. Because the class members' interests are aligned with the Plaintiff in that no rational person would believe the Defendants had any right to violate the SCRA intended to protect those serving all Americans, the predominant issue presented by Plaintiff subsumes any individual issues that may exist (if any).

c. A class action in this Court is also superior and desirable to ensure a consistent application of the law to the same common set of facts occurs to ensure fair and efficient adjudication of the issues presented.

d. No other litigation about the practice and customs of the Defendants subject to this action is pending in any other jurisdiction.

66. The likelihood that individual members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

67. The Defendants voluntarily elected to waive any legal or contractual rights they may have otherwise had by knowingly and intentionally taking affirmative action contrary to

and/or materially inconsistent with the laws governing those agreements between the Plaintiff and the putative class members on the one hand and the Defendants on the other hand.

**COUNT I**
**VIOLATION OF THE SCRA –**
**(On behalf of Plaintiff on his behalf and on behalf of all members of the MVTRAC Class, SAFCO Class, and City of Hampton Class against all Defendants)**

68.     Plaintiff incorporates the prior paragraphs stated in this Complaint as if restated here.  This claim is brought by Plaintiff on his behalf and also on behalf of the members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class against all Defendants.

69.     The SCRA applies to the City of Hampton's Police Department and officers since the City of Hampton is a subdivision of the Commonwealth of Virginia.   50 U.S.C.A. § 3912(a)(2).  *Compare Torres*, 142 S. Ct. at 2469.

70.     Plaintiff and members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class have been denied the fair and reasonable Federal rights intended for them under the SCRA as discussed herein, since the denial of those rights took place through the unlawful seizure or repossession of their vehicles while they were on active duty status and no enforceable court order had ever been issued to authorize the seizure or repossession.  50 U.S.C.A. § 3958(a).  Congress made this remedial right so fundamental that a violation of it constitutes a crime.  50 .U.S.C.A. § 3958(c).

71.     If not for the direct and indirect acts and omissions of the Defendants, including those under the color of law by the City of Hampton's Police Department's practices, operations, customs, and laws which do not comply with the SCRA, Plaintiff and the members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class  would not have  been deprived their rights under the SCRA and basic notions of fairness.

72.     Any person aggrieved by a violation of the SCRA is entitled to appropriate equitable or declaratory relief with respect to the violation. 50 U.S.C.A. § 4042(a)(1).

73.     Under the Supremacy Clause, U.S. Const. Art. VI, the protections of the SCRA are supreme over state law and state procedural rules, operations, or practices and customs. In other words, the Defendants may not reduce the protections entitled for servicemembers and other protected persons under the SCRA, including, but not limited to, the bar on the seizure or repossession of an active duty servicemembers' vehicle without strict compliance with the SCRA.

74.     By authorizing, conducting, and permitting the seizure or repossession of an active duty servicemembers' vehicles without strict compliance with the SCRA which require an enforceable court order, the Defendants' acts and omissions described herein have caused damages to the Plaintiff described *supra*. The members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class have each sustained similar damages and losses.

75.     The relief sought herein from the Defendants by the Plaintiff and the members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class is expressly authorized by Congress in the SCRA itself by permitting "any person," including the Plaintiff and class members in this action to "(1) obtain any appropriate equitable or declaratory relief with respect to the violation[s] [of the SCRA]; [and] (2) recover all other appropriate relief, including monetary damages." 50 U.S.C.A. § 4042.

76.     Because of the Defendants' violations of their mandatory duties under the SCRA described *supra*, Plaintiff was required to incur costs to defend his rights before the state court caused by the City of Hampton Police Department and its officers' false arrest.

77. Had the Defendants and their officials charged with carrying out the conduct at issue in this action followed their duties under the SCRA rather than recklessly ignoring them, Plaintiff and members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class would have received the rights and protections Congress intended in 50 U.S.C.A. § 3958(a). Neither would have Plaintiff nor the members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class sustained the damages and losses sought herein.

78. Here, certain additional damages, losses, and attorney fees sought by the Plaintiff and the members of the MVTRAC Class (and its subclass members), SAFCO Class, and City of Hampton Class that were proximately caused by Defendants could have been avoided or mitigated by the Defendants, but they instead chose not to do so. In other words, the Defendants waived any contractual rights they may have had or opportunities to mitigate the situation by ratifying the conduct of the other co-defendants and failing to perform any reasonable investigation before or after the occurrence. Under the circumstances presented, this other appropriate relief is justified and necessary in this case to ensure the remedial purposes of the SCRA are protected and enforced and the Defendants are held accountable for their decision to ignore the law.

**COUNT II**
**VIOLATION OF THE FDCPA –**
**(On behalf of Plaintiff on his behalf and on behalf of all members of**
**the MVTRAC Class against MVTRAC Only)**

79. Plaintiff incorporates the prior paragraphs stated in this Complaint as if restated here. This claim is brought by the Plaintiff on his behalf and also on behalf of the members of the MVTRAC Class against MVTRAC only.

80. By the repossession and seizure of the Brown Vehicle owned by the Plaintiff and the similar vehicles owned by the members of the MVTRAC in violation of the SCRA (i.e. 50

U.S.C.A. § 3958(a)), Defendant MVTRAC took nonjudicial action to effect dispossession or disablement of Plaintiff's vehicle and the vehicles of the MVTRAC Class members at a time when there was no present right to possession of the vehicle, in violation of U.S.C. § 1692f(6).

81.     As a result of the acts and omissions of Defendant MVTRAC, Plaintiff and members of the MVTRAC Class have suffered actual damages and injury, including lost time, loss of the use of their vehicles, and damage to reputation by having an unlawful repossession as part of their records which puts them in a false, negative light with their commanders and also diverts their focus in service of all Americans to that of the unlawful actions of MVTRAC and its agents.

82.     As a result of the acts and omissions of Defendant MVTRAC, Plaintiff and the members of the MCTRAC Class are also entitled to statutory damages and losses under the FDCPA.

**COUNT III**
**VIOLATION OF 42 U.S.C § 1983 – UNREASONABLE SEIZURE/MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**
**(On behalf of Plaintiff and on behalf of all members of the City of Hampton Class against the Hampton Police Department and its officers)**

83.     The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.  This claim is brought by Plaintiff, on his behalf and on behalf of the City of Hampton Class members against the City of Hampton and its officers and officials described herein acting in their official capacities under the color of law.

84.     42 U.S.C. §1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

*Id.*

85.     At all relevant times, the Hampton Police Department Officers, including Officer Quiles, were acting under the color of state law.

86.     At all relevant times, Mr. Brown, a citizen of the United States and the Commonwealth of Virginia, had a clearly established right under the Fourth Amendment, as applied to the states by the Fourteenth Amendment, to be free from the unreasonable seizure by law enforcement officers.

87.     Officer Quiles caused legal process to issue against Mr. Brown with reckless disregard for the truth and without probably cause.

88.     Officer Quiles falsely accused Mr. Brown of Obstruction of Justice.

89.     A simple and reasonable investigation by Officer Quiles, which Officer Quiles elected not to undertake, prior to arresting Mr. Brown, would have revealed that Mr. Brown was acting within his rights and was not required to give up his property.

90.     Mr. Brown and his property were seized in the Commonwealth of Virginia based on invalid charges.

91.     Officer Quiles, jointly with other defendants, acted jointly and in concert to deprive Mr. Brown of his rights under the Constitution and the laws of the United States and 42 U.S.C. § 1983.

92.     As a direct and proximate cause of Officer Quile's and the other Hampton Police Officer's unreasonable seizure and malicious prosecution, Mr. Brown suffered financial, emotional and physical harm, and was otherwise injured and also was unlawfully deprived of his

personal property without due process of the law and/or without adequate and fair notice to be heard.

93.     As a result of the City of Hampton's failure to adequately train Officer Quiles and other City of Hampton officers involved in the occurrence of civil disputes and the limitations in civil vehicle repossessions, Officer Quiles and other officers, although there was no writ nor Court Order, nonetheless affirmatively and actively assisted in the repossession of the Brown vehicle. Under the color of law, Officer Quiles and the other officers on the scene during the occurrence deprived Mr. Brown of his personal property by resorting to intimidation and false criminal arrest to seize the car.

94.     Officer Quiles' and the other officers' actions were instrumental in the taking of Mr. Brown's vehicle including the arrest and damage and loss of the Brown vehicle in order to enable the unlawful repossession to occur.

95.     The City of Hampton maintains a practice and custom which directs its officers, including Officer Quiles and the other officers on the scene during the occurrence, to effectively assist in the private civil repossession of vehicles without a court order and/or in breach of the peace.

96.     Unless enjoined and prospective relief ordered, the City of Hampton police department and its individual officers, including Officer Quiles and the other officers on the scene during the occurrence, will continue in their unlawful practices, in violation of the United States Constitution and the established law barring repossessions in the breach of the peace, and barring deprivation of personal property without due process of the law.

97.     Officer Quile's unreasonable seizure and malicious prosecution of Mr. Brown establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of

compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs.

**COUNT IV**
**VIOLATION OF UNIFORM COMMERCIAL CODE –**
**DEFENDANTS MVTRAC AND SAFCO**

98.    The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.    This claim is brought by Plaintiff, on his behalf individually against MVTRAC, SAFCO, and SPV 1.

99.    Generally speaking, under Va. Code § 8.9A-609, unless otherwise agreed, a secured party has on default the right to take possession of collateral securing its account.

100.    In situations such as those here, however, the SCRA bars a secured party from executing on motor vehicle liens without first obtaining a court order.

101.    MVTRAC, SPV 1, and SAFCO had no right to take possession of the Brown vehicle without a court order, and they similarly do not have the right to repossess the motor vehicles of other similarly situated active duty service members without first obtaining court orders.

102.    SPV 1, MVTRAC and SAFCO accordingly failed to comply with Part 6 of Title 9A of the UCC.

103.    As a result of SPV 1, MVTRAC and SAFCO's failure to repossess the vehicle in a commercially reasonable manner, Defendants SPV 1, MVTRAC and SAFCO are liable to Plaintiff and others similarly situated for any loss occasioned by its failure to comply with the UCC.

104.    Defendants SPV 1, MVTRAC and SAFCO's failure to comply renders them liable to Plaintiff for any loss caused by Defendants' failure to comply with Title 9A and Part 6, the default provisions of Title 9A, and, in any event, for an amount not less than the credit service

charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price, as provided by Va. Code § 8.9A-625.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1.      Certification that this matter proceed as a class action;

2.      Declaratory relief that Defendants City of Hampton, Virginia, SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") violated the Servicemembers Civil Relief Act;

3.      Declaratory relief that Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") violated the Uniform Commercial Code;

4.      Declaratory relief that Defendant MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") violated the Fair Debt Collection Practices Act;

5.      Award Plaintiff and members of the MVTRAC Class, SAFCO Class, and City of Hampton Class actual damages against Defendants City of Hampton, Virginia, SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") for their violations of the Servicemembers Civil Relief Act;

6.      Award Plaintiff and members of the MVTRAC Class actual damages against MVTRAC, LLC for its violations of the Fair Debt Collection Practices Act;

7.    Award Plaintiff and the members of the MVTRAC Class statutory damages against MVTRAC, LLC for its violations of the Fair Debt Collection Practices Act;

8.    Award Plaintiff actual damages against Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO") and SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), for their negligence;

9.    Award actual damages in favor of Plaintiff against Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC for their violations of the UCC;

10.    Award statutory damages in favor of Plaintiff against Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC for their violations of the UCC;

11.    Award actual damages in favor of Plaintiff against Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1") and MVTRAC, LLC for their conversion of Plaintiff's vehicle;

12.    Award actual damages in favor of Plaintiff against Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") for their trespass to chattels with respect of Plaintiff's vehicle;

13.    Award Plaintiff punitive damages against Defendants SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") under the tort claims against them in an amount not to exceed $350,000.00;

14. Award costs and attorney's fees against Defendants City of Hampton, Virginia, SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), and MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MVTRAC") as authorized by the Servicemembers Civil Relief Act for the Plaintiff and the members of the for bringing their SCRA claims asserted herein

15. Award Plaintiff and the members of the MVTRAC Class, City of Hampton Class, and SAFCO Class costs and attorney's fees against Defendants MVTRAC, LLC, SOUTHERN AUTO FINANCE COMPANY, LLC, D/B/A SAFCO ("SAFCO"), and SAFCO WAREHOUSE SPV 1, LLC ("SPV 1"), for their violations of the Fair Debt Collection Practices Act;

11. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
JORDAN BROWN,
on behalf of himself and all similarly
situated individuals
By Counsel

By: _/s/ Leonard A. Bennett_
Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Adam W. Short, VSB #98844
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: adam@clalegal.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
Email: dale@pittmanlawoffice.com


Counsel for Plaintiffs