UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JORDAN BROWN,

*On behalf of himself and all
similarly situated individuals*,

        Plaintiff,

V.                                        Civil Action No. 4:24-cv-128

CITY OF HAMPTON, VIRGINIA,
SOUTHERN AUTO FINANCE
COMPANY, LLC, d/b/a SAFCO,
MVTRAC, LLC, a/k/a MVCONNECT,
LLC, SAFCO WAREHOUSE SPV 1,
LLC, and TORRES TOWING, LLC.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss Count I of the Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) filed by Defendants Southern Auto Finance Company, LLC, d/b/a SAFCO, MVTRAC, LLC, a/k/a MVCONNECT, LLC ("MV"), and SAFCO Warehouse SPV 1, LLC ("SPV 1") (collectively, "Defendants").[1] ECF No. 28 ("Def.'s Mot."). Plaintiff Jordan Brown filed a Response in Opposition to the Motion. ECF No. 38 ("Pl.'s Resp."). Defendants filed a Reply.[2] ECF No. 39 ("Def.'s Reply"). The Court has considered the parties'

---

[1] On January 31, 2025, Plaintiff filed a notice of voluntary dismissal as to the City of Hampton, Virginia. ECF No. 33. Thus, the City of Hampton is no longer a defendant in this action, and Counts III and VI of the Amended Complaint are dismissed against the City of Hampton. *Id.*; ECF No. 9. Additionally, on April 18, 2025, Plaintiff filed a request for entry of default against Torres Towing, LLC ("Torres Towing"), which the Clerk entered. ECF No. 41. The Court notes that Plaintiff has yet to file for default judgment.

[2] The Court notes that Defendants initially argued for dismissal of Counts I, II, IV, V, and VI. *See* Def.'s Mot. However, Defendants changed their position based on clarification from Plaintiff. Def.'s Reply at 2. Thus, Defendants are no longer moving for dismissal of Counts II, IV, V, and VI. *Id.* This opinion will focus solely on the single Count—Count I.

1

memoranda, and this matter is ripe for judicial determination. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Relevant to Defendants' Motion to Dismiss and stated in the light most favorable to Plaintiff, the following alleged facts are drawn from the Amended Complaint and attachments thereto.

Plaintiff has been on active duty status since October 18, 2016. Am. Compl., ¶ 49, ECF No. 9. On July 11, 2020, Plaintiff purchased a used 2018 Nissan Altima from H & R Auto Motors in San Antonio, Texas, for personal use. *Id.* ¶ 28. Plaintiff agreed to "a Motor Vehicle Retail Installment Contract and Security Agreement with H & R Auto Motors," requiring Plaintiff to make payments towards the auto loan. *Id.* ¶ 29. On that same day, H & R Auto Motors assigned the loan to SAFCO, but allegedly, SAFCO assigned the loan "to its captive affiliate SPV 1, but SAFCO retained the collection rights on the . . . [l]oan." *Id.* ¶¶ 30–31.

On August 23, 2021, Plaintiff submitted an inquiry to SAFCO, and its representative responded that same day stating the following: "'Thank you for contacting SAFCO. You are covered as an active service member for repossession protection under [the Servicemembers Civil Relief Act ("SCRA")]. A court order would have to be granted prior to repossession. . . .'" *Id.* ¶ 32. Allegedly, SAFCO entered into an agreement with MV to carry out its collection work on behalf of SPV 1. *Id.* ¶ 34. In turn, MV contracted with Torres Towing to tow vehicles in default. *Id.*

On March 20, 2024, around 3:00 A.M., Plaintiff visited Hampton, Virginia, and was inside his vehicle. *Id.* ¶ 35. While inside the vehicle, Torres Towing hooked Plaintiff's vehicle to its tow truck. *Id.* ¶ 36. Plaintiff objected to the tow of his vehicle and demanded that Torres Towing

unhook his vehicle. *Id.* ¶¶ 38–39. A representative from Torres Towing called the Hampton Police Department to assist with the tow, and allegedly, none of the officers asked to see a court order authorizing the tow or attempted to verify Plaintiff's active-duty status. *Id.* ¶¶ 39–40. Allegedly, the officers removed Plaintiff from the vehicle so Torres Towing could tow it. *Id.* Following the tow, Plaintiff's counsel attempted to negotiate a correction with Defendants regarding the alleged wrongful tow but was unsuccessful. *Id.* ¶¶ 45–46. Accordingly, Plaintiff is seeking $350,000 in damages for the harm that he experienced. *Id.* at 30. Specifically, Plaintiff asserts six Counts against Defendants:

Count I.    Promissory Estoppel (Texas Law) against Defendants SAFCO, MV, Torres Towing, and SPV 1 (*Id.* ¶¶ 64–75);

Count II.   Violation of the Fair Debt Collection Practices Act against Defendants MV and Torres Towing (*Id.* ¶¶ 76–78);

Count III.  Violation of 42 U.S.C. § 1983 – Unreasonable Seizure/Malicious Prosecution/False Imprisonment and Arrest in Violation of the Fourth and Fourteenth Amendments against the Hampton Police Department and the Police Officers. (*Id.* ¶¶ 79–99);

Count IV.   Violation of Uniform Commercial Code against Defendants MV, SPV 1, and SAFCO (*Id.* ¶¶ 100–06);

Count V.    Conversion against Defendants SAFCO, MV, Torres Towing, and SPV 1 (*Id.* ¶¶ 107–10);

Count VI.   Trespass to Chattels Against All Defendants (*Id.* ¶¶ 111–14).

On December 16, 2024, Plaintiff filed an Amended Complaint. On January 29, 2025, Defendants filed a Motion to Dismiss Counts I, II, IV, V, and VI. On February 19, 2025, Plaintiff

filed a Response in Opposition. On March 3, 2025, Defendants filed a Reply stating their withdrawal of dismissal of all Counts except Count I.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Considering a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677, and *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*,

550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.*

### III. DISCUSSION

Under Rule 12(b)(6), Defendants move to dismiss Count I of the Amended Complaint for failure to state a claim upon which relief can be granted. Def.'s Mot.; Def.'s Reply. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332. Thus, the Court will determine whether Plaintiff has stated a claim for relief in Count I.

Plaintiff's claim in Count I alleges promissory estoppel against the Defendants. Am. Compl. ¶ 64. Plaintiff asserts that while he was a resident of Texas, SAFCO's representative emailed him on August 23, 2021, letting him know that he was covered under the SCRA for repossession. *Id.* ¶ 65. Plaintiff claims that he relied on the statement, which Defendants foresaw. *Id.* ¶ 66. Plaintiff's reliance on the alleged promise was demonstrated by his repeated objections to the tow of his vehicle, especially since Defendants failed to obtain a court order authorizing the tow. *Id.* ¶¶ 68–69. Plaintiff argues that he is entitled to damages that would put him in the position he would have been in but for SAFCO's failure to honor its alleged promise. *Id.* ¶ 71. However, Defendants argue that the SCRA does not apply to Plaintiff because his military service began before he took out a loan to purchase his vehicle. Def.'s Mot. at 6. Further, the SAFCO representative provided a mistaken legal opinion about the SCRA, and it is unenforceable under Texas law. *Id.* at 7. Thus, Plaintiff has failed to demonstrate any of the elements to support a promissory estoppel claim. *Id.* at 8. Plaintiff states in his Response in Opposition to the Motion that even if SAFCO made a mistake interpreting the SCRA, that mistake is not a defense to his promissory estoppel claim. Pl.'s Resp. at 10.

The Court must first determine which law to apply—Texas or Virginia. At the outset, Virginia does not recognize promissory estoppel as a cause of action. *See W.J. Schafer Assocs., Inc. v. Cordant, Inc.*, 254 Va. 514, 521 (1997) ("Today, however, we hold that promissory estoppel is not a cognizable cause of action in the Commonwealth, and we decline to create such a cause of action."). Nevertheless, a federal court sitting in diversity must apply the choice of law rules of the forum state. *See generally Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). In this case, the Court must look at Virginia's choice of law rules. "Many courts take the approach that promissory estoppel is a type of contract claim." *Nasser v. WhitePages, Inc.*, No. 5:12CV097, 2013 WL 6147677, at *5 (W.D. Va. Nov. 22, 2013). The Restatement Second of Contracts defines promissory estoppel as "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90 (1981). In Virginia, "'[t]he nature, validity and interpretation of contracts are governed by the law of the place where [the contract was] made. . . .'" *Nasser*, No. 5:12CV097, 2013 WL 6147677, at *5. "Accordingly, because . . . [Plaintiff] bring[s] a claim of promissory estoppel, the Court must ascertain where the last act of reliance occurred in order to determine which state's promissory estoppel laws apply." *Alami v. Lincoln Prop. Co.*, 61 F. Supp. 3d 551, 559 (E.D. Va. 2014). "This Court shall apply the laws of the state where the last act of reliance occurred." *Id.* Here, Plaintiff received the email from SAFCO while residing in Texas. Thus, Plaintiff's reliance upon the email occurred in Texas, and the Court will apply Texas law.

Under Texas law, a Plaintiff must plausibly allege: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *Margolis v. James B. Nutter & Co.*, 808 F. App'x 230, 234 (5th Cir. 2020) (internal citation and

quotation removed). "A party asserting promissory estoppel must show 'an actual promise...' that is 'sufficiently specific and definite so that it would be reasonable and justified for the promisee to rely upon it as a commitment to future action.'" *KC Pharmacy, LLC v. JPMorgan Chase Bank, N.A.*, No. 01-20-00409-CV, 2021 WL 1095905, at *7 (Tex. App. Mar. 23, 2021) (internal citation omitted). "The 'promise' must also be 'more than mere speculation concerning future events, a statement of hope, or an expression of opinion, expectation, or assumption.'" *Id.* Plaintiff's "reliance on the promise [must also be] 'reasonable and justified...' Reliance is justified only when the promise is 'definite.'" *Campbell v. DLJ Mortg. Cap., Inc.*, 628 F. App'x 232, 236 (5th Cir. 2015). "Vague and indefinite statements that amount to no more than speculation about future events... are insufficient to support a claim for promissory estoppel." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 654 F. Supp. 2d 536, 544 (N.D. Tex. 2009).

Here, Plaintiff bases his promissory estoppel claim on the SAFCO's representative's alleged promise of his protection under the SCRA.[3] Plaintiff then assumed that Defendants would not tow his car without a court order. But Plaintiff's Amended Complaint fails to provide context surrounding this alleged promise, much less what SAFCO promised what would or would not happen if he stopped paying his car loan. The Court does not find anything definite SAFCO promised Plaintiff. The SAFCO's representative's statement to Plaintiff is not a promise, and

---

[3] The Cout notes that Plaintiff's interpretation of the SCRA protections is incorrect. *See generally* Am. Compl. The SCRA grants protections to a servicemember after they enter the military "for the purchase of real or personal property (including a motor vehicle) . . . may not be rescinded or terminated for a breach of terms of the contract occurring before or during that person's military service, nor may the property be repossessed for such breach without a court order." 50 U.S.C. § 3951(a)(1). "This section applies only to a contract for which a deposit or installment has been paid by the servicemember before the servicemember enters military service." 50 U.S.C. § 3951(a)(2). Plaintiff's active-duty service began on October 18, 2016, and he executed a loan for his vehicle on July 11, 2020. Upon information and belief, Plaintiff failed to make payments on his loan during his military service, and Defendants subsequently repossessed his vehicle. Thus, the SCRA does not protect Plaintiff since he executed the installment contract during his military service. "Any other reading of the statute would deter businesses from entering into installment contracts with members of the armed services on active duty." *Whigham v. Chase Auto Fin. Corp.*, 826 F. Supp. 2d 914, 921 (E.D. Va. 2011).

Plaintiff could not have reasonably relied on the alleged promise. It is completely unreasonable for Plaintiff to think that SAFCO could have foreseen reliance on their statement because, as stated previously, Plaintiff was not promised anything. Thus, Plaintiff fails to plausibly allege a claim for promissory estoppel.

## IV. CONCLUSION

Based on the foregoing reasons, Defendants' Motions to Dismiss Count I is **GRANTED**. ECF No. 28. The Court **DENIES** Plaintiff's request for leave to amend as the Court believes a second amended complaint would be futile and would not survive a motion to dismiss. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019); *Brown v. First Advantage Background Servs. Corp.*, No. 1:23CV195, 2023 WL 7033908, at *1 (M.D.N.C. Oct. 26, 2023). The Court **DISMISSES** Counts III and VI against the City of Hampton based on Plaintiff's notice of voluntary dismissal. ECF No. 33.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
April 28, 2025

Raymond A. Jackson
United States District Judge