UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JORDAN BROWN,

      Plaintiff,

V.                                          Civil Action No. 4:24-cv-00128

TORRES TOWING, LLC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Torres Towing LLC's ("Defendant") Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). ECF No. 53. Defendant filed a Memorandum in Support of the Motion. ECF No. 54 ("Def.'s Mem."). Plaintiff Jordan Brown filed a Response in Opposition. ECF No. 57 ("Resp. Opp."). Defendant filed a Reply. ECF No. 58 ("Def.'s Reply"). Plaintiff filed an Opposition to the Reply. ECF No. 59. The Court has considered the parties' memoranda, and this matter is ripe for judicial determination. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

Relevant to Defendants' Motion to Dismiss and stated in the light most favorable to Plaintiff, the following alleged facts are drawn from the Amended Complaint and attachments thereto.

Plaintiff has been on active-duty status since October 18, 2016. Am. Compl., ¶ 49, ECF No. 9. On July 11, 2020, Plaintiff purchased a used 2018 Nissan Altima from H & R Auto Motors in San Antonio, Texas, for personal use. *Id.* ¶ 28. Plaintiff agreed to "a Motor Vehicle Retail Installment Contract and Security Agreement with H & R Auto Motors," ("Security Agreement")

requiring Plaintiff to make payments towards the auto loan. *Id* ¶ 29. On that same day, H & R Auto Motors assigned the loan to the Southern Auto Finance Company, LLC ("SAFCO"), but allegedly, SAFCO assigned the loan "to its captive affiliate [Safco Warehouse SPV 1 ("SPV 1")], but SAFCO retained the collection rights on the . . . [l]oan." *Id.* ¶¶ 30-31.

On August 23, 2021, Plaintiff submitted an inquiry to SAFCO, and its representative responded that same day stating the following: "'Thank you for contacting SAFCO. You are covered as an active service member for repossession protection under [the Servicemembers Civil Relief Act ("SCRA")]. A court order would have to be granted prior to repossession. . . .'" *Id.* ¶ 32. Allegedly, SAFCO entered into an agreement with MVTRAC, LLC ("MV") to carry out its collection work on behalf of SPV 1. *Id.* ¶ 34. In turn, MV contracted with Defendant to tow vehicles in default. *Id.*

On March 20, 2024, around 3:00 A.M., Plaintiff visited Hampton, Virginia, and was inside his vehicle. *Id.* ¶ 35. While inside the vehicle, Defendant hooked Plaintiff's vehicle to its tow truck. *Id.* ¶ 36. Plaintiff objected to the tow of his vehicle and demanded that Defendant unhook his vehicle. *Id.* ¶¶ 38-39. A representative from Defendant's company called the Hampton Police Department to assist with the tow, and allegedly, none of the officers asked to see a court order authorizing the tow or attempted to verify Plaintiffs active-duty status. *Id.* ¶¶ 39-40. Allegedly, the officers removed Plaintiff from the vehicle so Defendant could tow it. *Id.* Accordingly, Plaintiff is seeking $350,000 in damages for the harm that he experienced. *Id.* at 30. Specifically, Plaintiff asserts three Counts against Defendant:[1]

> Count II.   Violation of the Fair Debt Collection Practices Act (*Id.* ¶¶ 76–78);

---

[1] On April 28, 2025, the Court issued a Memorandum Order and Opinion dismissing Count I against defendants Southern Auto Finance Company, LLC, MVTRAC, LLC, and SAFCO Warehouse SPV1. ECF No. 42. Plaintiff has since abandoned this claim against Defendant Torres Towing. Resp. Opp. at 2.

2

Count V. Conversion (*Id.* ¶¶ 107–10);

Count VI. Trespass to Chattels (*Id.* ¶¶ 111–14).

On December 16, 2024, Plaintiff filed an Amended Complaint. ECF No. 9. On June 30, 2025, Defendant filed a Motion to Dismiss Counts II, V, and VI. ECF Nos. 53, 54. On July 14, 2025, Plaintiff filed a Response in Opposition. ECF No. 57. On July 21, 2025, Defendant filed a Reply. ECF No. 58. On July 24, 2025, Plaintiff filed an Objection to Defendant's Reply. ECF No. 59.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Considering a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate

3

facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677, and *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.*

### III. DISCUSSION

Under Rule 12(b)(6), Defendant moves to dismiss Counts II, V, and VI of the Amended Complaint for failure to state a claim upon which relief can be granted. Def.'s Mem. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Thus, the Court will analyze each Count separately.

#### A. Count II: Violation of the Fair Debt Collection Practices Act

Plaintiff's claim in Count II alleges that Defendant "took nonjudicial action to effect dispossession or disablement of Plaintiff's vehicle at a time when there was no present right to possession of the vehicle" in violation of 15 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA"). Am. Compl. ¶ 77. Specifically, Plaintiff alleges that Defendant repossessed his vehicle through unlawful means and methods, and by a breach of the peace. *Id.* Plaintiff argues that Defendant breached the peace by hooking his car to their tow truck, despite his objection, while he was still inside the vehicle. *Id.* ¶ 36-39. Plaintiff further argues that Defendant breached the peace by calling police officers to assist in the repossession. *Id.* ¶ 40. However, Defendant argues that since Plaintiff is ineligible for SCRA protections requiring a court order prior to repossession, Defendant's repossession of the vehicle without a court order does not constitute an unfair or unconscionable means of possession in violation of the FDCPA. Def.'s Mem. at 4.

Furthermore, Defendant argues that the repossession of the vehicle falls under the safe-harbor provisions of 15 U.S.C. § 1692f(6)(A), because there was a present right to possession of the vehicle. *Id.* at 5. Thus, Plaintiff has failed to provide sufficient facts to support a claim under the FDCPA. *Id.* Plaintiff states in his Response in Opposition to the Motion that his FDCPA claim is not based upon SCRA protections. Resp. Opp. at 11. Rather, his FDCPA claim is premised on Defendant's breach of peace during the repossession, which required them to stop the seizure and seek a court order to enforce their claims as a secured party. *Id.* at 9.

Section 1692f of Title 15 of the United States Code prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges that the Defendant has violated subsection (6)(A), which provides that a debt collector violates § 1692f by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if…there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Id.* at §1692f(6)(A).

Courts have often looked to the relevant state property and contract laws to determine whether a party has a present right to possession under the FDCPA. *See Johnson v. Exeter Fin. LLC*, No. 3:23-cv-833, 2024 WL 4336615 at *3 (E.D. Va. Sept. 27, 2024) (applying state contract law to determine whether the defendants had a present right to possession of the property.); *Richards v. PAR, Inc.*, 954 F.3d 965, 968 (7th Cir. 2020) ("Repossession rights are governed by the relevant state's property and contract law, so in the absence of an FDCPA-specific rule, we must look to state law to determine whether a repossessor had a present right to possess the property at the time it was seized."). Under Va. Code Ann. § 8.9A-609(a), after default, a secured party "may take possession of the collateral." Furthermore, "a secured party may proceed under

subsection (a)…without judicial process, if it proceeds without breach of the peace." *Id.* at § 8.9A-609(b).

Plaintiff argues that Defendant did not have a present right to take possession of the Vehicle under the FDCPA because Defendant took non judicial action that breached the peace in violation of § 8.9A-609. Am. Compl. ¶ 9. However, the statute makes a distinction between when a secured party has a right to take possession of collateral and the manner in which they may effectuate this right. Va. Code Ann. § 8.9A-609(a). Thus, under Va. Code Ann. § 8.9A-609(a), a secured party has a present right of possession in collateral upon default, but in effectuating this right they may not breach the peace. *Id.* Plaintiff's argument relies on the assumption that a secured party waives their right to take possession of collateral upon default if they breach the peace. However, the Court finds no authorities in the United States Court of Appeals for the Fourth Circuit to support this interpretation, and the cases Plaintiff cited are neither precedential nor persuasive.

Here, Plaintiff acknowledges that Defendant is a debt collector that has been tasked with repossessing vehicles when a consumer auto loan is in default. Am. Compl. ¶ 34; *see also* Resp. Opp. at 7 ("Torres Towing does not argue that it is not a 'debt collector' as defined by the FCPA, nor can it."). As part of the transaction to finance the purchase of his vehicle, Plaintiff signed a Security Agreement that required him to make certain payments. Am. Compl. ¶ 29. The Security Agreement provided a security interest in the vehicle to SAFCO, and it permitted SAFCO to repossess the vehicle upon Plaintiff's default. ECF No. 54-1. Plaintiff concedes that his loan was in default, which provided SAFCO, as a secured party, with the contractual and statutory right to repossess the vehicle. Am. Compl. ¶ 34; Va. Code Ann. § 8.9A-609(a)(1). Likewise, the Defendant had a present right to repossess the vehicle because they did so at the behest of SAFCO. Plaintiff's FDCPA claim is therefore **DISMISSED** for failure to state a claim.

## B. Counts V and VI: Plaintiff's State Law Claims

Plaintiff alleges in Counts V and VI that Defendant's actions violated Virginia statutory law. *See* Am. Compl. ¶¶ 107-114. However, with the dismissal of Count I brought under § 1692f(6)(A) of the FDCPA, the Court has dismissed all claims over which it has original jurisdiction and possesses only supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(a). The Court "may decline to exercise supplemental jurisdiction over such state-law claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d. 106, 110 (4th Cir. 1995); *Jackson v. Sch. Bd. for City of Richmond, Va.*, No. 3:24-cv-528, 2025 WL 2025363, at *12 (E.D. Va. July 18, 2025) ("[B]oth the Fourth Circuit and the Supreme Court favor dismissing state law claims if the federal claims are extinguished prior to trial."). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d. 106, 110 (4th Cir. 1995). Having considered all of these factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's state-law claims in Counts V and VI are **DISMISSED without prejudice** to Plaintiff's right to pursue them in state court. *Henderson v. Harmon*, No. 2:18-cv-43, 2021 U.S. Dist. LEXIS 249772 (E.D. Va. Dec. 20, 2021).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. ECF No. 53.

Plaintiff's Amended Complaint is **DISMISSED**. ECF No. 9.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the Parties.

**IT IS SO ORDERED**

Newport News, Virginia
September 26, 2025

Raymond A. Jackson
United States District Judge

8