IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JORDAN BROWN,

     Plaintiffs,

v.                                                      Case No. 4:24-cv-00128-RAJ-LRL

CITY OF HAMPTON, VIRGINIA, *et al.*,

     Defendants.

**DEFENDANT TORRES TOWING LLC'S OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENTS (DKT. 65 & 66) DISMISSING THE
PLAINTIFF'S AMENDED COMPLAINT, LEAVE TO FILE A SECOND AMENDED
COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO CERTIFY QUESTIONS OF
LAW TO THE SUPREME COURT OF VIRGINIA**

     Defendant Torres Towing LLC, by counsel, submits this Opposition to Plaintiff's Motion

to Alter or Amend Judgments (Dkt. 65 & 66) Dismissing the Plaintiff's Amended Complaint,

Leave to File a Second Amended Complaint, or in the Alternative, Motion to Certify Questions

of Law to the Supreme Court of Virginia, docketed as Dkt. 67 ("Plaintiff's Motion").

     Rule 59(e) of the Federal Rules of Civil Procedure authorizes extraordinary relief on the

condition that a movant clears a high threshold. New outcome-determinative facts must be

revealed that could not have been presented previously. Either a new published opinion from the

merits docket of the United States Supreme Court or a published opinion of the United States

Court of Appeals for the Fourth Circuit is a prerequisite to considering this relief. Or, if the Court

was wrong previously, the Fourth Circuit has likened the obviousness of the degree of the

wrongheadedness to the obviousness of the presence of a rotting dead fish. See *U.S. Tobacco

Coop., Inc. v. Big S. Wholesale of Va., Inc.*, 899 F.3d 236, 258 (4th Cir. 2018).  In other words,

Rule 59(e) is a time-saving device that allows parties to forego an inevitable vacatur and remand on appeal. It is meant to correct a glaring error, not to provide a second bite at the apple.

Rule 59(e) does not entitle a losing party to a mulligan. It does not reward losers who made calculated efforts to hold back their best evidence. It provides no forum for already-rejected arguments to be gussied up with a national survey of unpublished memorandum decisions. It does not bail out parties who chose not to make arguments in the first instance. It certainly does not entitle a party to slay a strawman of its own making by criticizing rulings that the Court did not make based on arguments the Court did not consider. Plaintiff's Motion falls considerably short of the line to gain on a Rule 59(e) motion. It is dead on arrival.

## 1. BACKGROUND AND RULINGS

### a. Torres Towing LLC's Motion to Dismiss and Opening Brief

Torres Towing LLC filed a motion to dismiss challenging each of the three counts asserted against it in the First Amended Complaint. Dkt. 53. In its opening brief, Torres Towing LLC explained that Plaintiff's claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f, *et seq.* (the "FDCPA") for two reasons: (1) it failed to allege facts showing entitlement to coverage under the Servicemembers Civil Relief Act, 50 U.S.C. § 3952(a)(2) (the "SCRA"); and (2) the financing agreement permits repossession in the event of default, which Plaintiff conceded he was in, thereby providing Torres Towing LLC a "present right to possession of the Vehicle." Dkt. 54, at 4–5. Torres also moved to dismiss the common-law claims for conversion and trespass to chattels on similar bases. *Id.* at 5–7.

### b. Plaintiff's Opposition

On July 14, 2025, Plaintiff filed an Opposition. See dkt. 57. Plaintiff conceded that there was no SCRA-based claim. *Id.* at 1 n.1. He then impermissibly attempted to amend his operative

complaint by setting forth what seemed like the position that a breach-of-peace repossession results in the extinguishment of a "present right of possession" of collateral, thereby negating application of the FDCPA's safe-harbor provision. *Id.* at 9–12.

### c.  Torres Towing LLC's Reply and Plaintiff's Purported Sur-reply

On July 21, 2025, Torres Towing LLC filed its Reply supporting its Motion to Dismiss. Dkt. 58. In its Reply, Torres Towing LLC called out Plaintiff's efforts to amend through briefing. *Id.* at 2 (citing *Hierholzer v. Guzman*, 125 F.4th 104, 115 (4th Cir. 2025)). So because Plaintiff opened the door, Torres Towing LLC explained that there is no breach-of-peace claim against it. *Id.* at 3–9.

Plaintiff took umbrage with Torres Towing LLC's Reply, so he filed an objection. Dkt. 59. Despite the platoon of experienced consumer litigation attorneys representing Plaintiff in this lawsuit, it is hard to understand how Torres Towing LLC's argument in its opening brief that it has a present right to possess the vehicle slipped past all of them. Nevertheless, the objection was premised on the patently false statement that Torres Towing LLC "raise[d] a new, disputed theory that it had the right to repossess Brown's vehicle[.]" *Id.* at 1; *cf.* Dkt. 54, at 4–5. Squirreled away in a footnote is a curious remark complaining about Ramon Torres "lack[ing] the mandatory registration to operate as a Tow Truck Driver since May 31, 2023." *Id.* at 1–2 n.1. But the Amended Complaint does not list Ramon Torres as being the driver of the tow truck who interacted with Plaintiff.

### d.  The Court's Decision and Judgment.

The Court's decision was narrow. It dismissed the FDCPA claim with prejudice for failure to state a claim, and it dismissed the balance of the case without prejudice for want of subject matter jurisdiction on September 29, 2025. Dkt. 65. The Court held that Plaintiff failed to

state a claim for relief under the FDCPA because, upon default, the secured parties had the statutory and contractual right to immediate possession of Plaintiff's vehicle. *Id.* at 6. Accordingly, the safe-harbor protections applied to Torres Towing LLC and Plaintiff's allegations were insufficient to rise above that immunity.

Next, the Court weighed whether to retain jurisdiction pursuant to 28 U.S.C. § 1367(a) over the balance of the case. *Id.* at 7. Noting that the sole basis for its subject matter jurisdiction had been extinguished, "the Court decline[d] to exercise supplemental jurisdiction over Plaintiff's state-law claims, pursuant to 28 U.S.C. § 1367(c)(3)." *Id.* On October 1, 2025, the Court *sua sponte* dismissed the claims against the other defendants since the FDCPA claim against them failed for the same reasons. Dkt. 66, at 1.

Critically, the Court did not make any rulings whatsoever concerning whether a breach of the peace was alleged, nor were any of the state-law claims disposed of on their merits. Dkt. 65, at 7 ("Accordingly, Plaintiff's state-law claims in Counts V [conversion under Virginia law] and VI [trespass to chattels under Virginia law] are **DISMISSED without prejudice** to Plaintiff's right to pursue them in state court.") (emphasis in original). The same goes for the claims against the other defendants. Dkt. 66. As it stands, the record contains no findings of fact, no rulings, and no suggestion one way or another whether the allegations in the First Amended Complaint amount to a breach of the peace under Section 8.9A-609 of the Virginia Code.

### e.  Subsequent Developments

Since the Court's rulings, the Clerk has closed this matter and removed it from the Court's trial calendar. Undersigned counsel continues to monitor the local Virginia court dockets to determine whether and when Plaintiff has filed suit against either Torres Towing LLC or the

other defendants. As of October 30, 2025, undersigned counsel has not identified any new action initiated by Plaintiff.

## 2. LEGAL STANDARD

### a. Motions to Reconsider

Motions to reconsider are committed to the trial court's sound distraction that will not be disturbed on appeal absent a finding of abuse of that discretion. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020). "Motions to reconsider disrupt the efficient administration of justice; accordingly, they are disfavored and granted sparingly." *Roe v. Tucker*, Case No. 3:24-cv-145, 2025 U.S. Dist. LEXIS 49594, at \*6 (E.D. Va. Mar. 18, 2025); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). There are only three grounds that may support a motion to reconsider: (1) discovery of new evidence; (2) a change in applicable law; or (3) "a clear error causing manifest injustice." *U.S. Tobacco Coop., Inc. v. Big S. Wholesale of Va., Inc.*, 899 F.3d 236, 257 (4th Cir. 2018). Motions to reconsider asking the Court to "rethink what the Court had already though through—rightly or wrongly" should not be granted. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Accordingly, the Fourth Circuit has noted that granting a motion under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 402–03 (internal quotations omitted).

To prevail on a Rule 59(e) motion based on the discovery of new evidence, "a party cannot claim Rule 59(e) relief on the basis of new evidence unless that party also puts forth a 'legitimate justification for not presenting the evidence during the earlier proceeding.' . . . In other words, Rule 59(e) does not 'enable a party to complete presenting his case after the court has ruled against him.'" *Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D. Va. 2004) (quoting *Pac. Ins. Co.*, 148 F.3d at 403). "Evidence that is available to a party prior to entry of

judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law."

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). Therefore, the standard governing

Rule 59(e) relief requires a party to demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Id.* (internal quotations omitted).

A Rule 59(e) motion based on an intervening change in law requires the presentation of a

material change in applicable law. "Rule 59(e)'s 'controlling law' prong refers specifically to

binding precedent only." *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 59 (E.D.

Va. 2016) (quotation omitted); *aff'd*, 866 F.3d 199 (4th Cir. 2017); *cert. denied*, 585 U.S. 1016

(2018). "Although the Court may consider nonbinding opinions as persuasive authority, they

certainly do not 'control' this Court's decisions." *Id.*; see also *Halliburton*, 866 F.3d at 211

("First, as an out-of-circuit decision, [*United States ex rel.*] *Gadbois* [*v. PharMerica Corp.*, 809

F.3d 1 (1st Cir. 2015)] cannot constitute controlling law in this Circuit.") (citing *McBurney v.*

*Young*, 667 F.3d 454, 465 (4th Cir. 2012)). Instead, controlling law means published opinions of

the Fourth Circuit and the Supreme Court of the United States. *Gibbons v. Gibbs*, 99 F.4th 211,

213 (4th Cir. 2024); *Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021); *McMellon v. United*

*States*, 387 F.3d 329, 356 (4th Cir. 2004) (en banc). Unpublished opinions and other district

court opinions are not binding precedent. *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996);

*Simpson v. Virginia*, Case No. 1:16-cv-162, 2016 U.S. Dist. LEXIS 132860, at *11 (E.D. Va.

Sept. 27, 2016) ("Initially, it should be noted that *Washington* [*v. Jurgens*, Civil Action No.

3:16CV184-HEH, 2016 U.S. Dist. LEXIS 86321 (E.D. Va. July 1, 2016)] is a district court

opinion issued by another judge in this Court. It is thus of informative, *but not binding*, precedential value.") (denying reconsideration motion) (emphasis added).

"A prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *U.S. Tobacco*, 899 F.3d at 258 (alterations and quotations omitted).

### b.  Motions for Leave to Amend

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011) (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc)). "A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Id.* at 471 (alterations omitted) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Denials of such motions are reviewed on an abuse of discretion. *Brainchild Surgical Devices, LLC v. CPA Global, Ltd.*, 144 F.4th 238, 257 n.14 (4th Cir. 2025).

### c.  Motions to Certify Questions of Law

Whether to certify a question of law to the Supreme Court of Virginia is a decision that "rests in the sound discretion of the federal court." *Minn. Voters Alliance v. Mansky*, 585 U.S. 1, 22 n.7 (2018). Rule 5:40 of the Rules of the Supreme Court of Virginia affords this privilege to certain courts when a question "if a question of Virginia law is [a] determinative in any proceeding pending before the certifying court and [b] it appears there is no controlling precedent on point in the decisions of th[e Supreme Court of Virginia] or the Court of Appeals of Virginia." Va. Sup. Ct. R. 5:40(a). A federal district court should certify a question to the state supreme

court only when "the available state law is clearly insufficient." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994) (citing *Smith v. FCX Inc.*, 744 F.2d 1378, 1379 (4th Cir. 1984)). The Court bears a "duty to decide questions of state law, even if difficult and uncertain." *Legard v. EQT Prod. Co.*, 771 F. Supp. 2d 607, 609 (W.D. Va. 2011) (citing *Meredith v. City of Winter Haven*, 320 U.S. 228, 234–35 (1943)). Because certification diverts the time and resources of the Supreme Court of Virginia, "the discretion to certify should be cautiously exercised." *West Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 764 (E.D. Va. 1987).

### 3. ARGUMENT

None of the relief Plaintiff seeks should be granted to him. Plaintiff's Motion is nothing more than an attempt to relitigate a question the Court already decided. Since he cannot come close to carrying his burden under Rule 59, his request for leave to amend his already-dismissed First Amended Complaint must be denied. The Court has provided him with a pathway to vindicate his rights in the courts of the Commonwealth of Virginia, the expositor of the law which Plaintiff seeks review with one condition: that this Court trebuchets his case past the local General District Court, the Circuit Court, and the Court of Appeals and through the window of the Supreme Court of Virginia. His can address his dissatisfaction with a new action in state court or an appeal to the Fourth Circuit—not with Rule 59(e).

### a. Reconsideration Is Not Warranted Under Any Theory

The Court dismissed Plaintiff's claim for relief under the FDCPA because "Plaintiff concede[d] that his loan was in default, which provided SAFCO, as a secured party, with the contractual and statutory right to repossess the vehicle." Dkt. 65, at 6; 2025 U.S. Dist. LEXIS 192362, at *10. He "incorporate[d] the prior paragraphs stated in this Amended Complaint as if restated" in support of his FDCPA claim. Dkt. 9, ¶ 76. He did not plead in the alternative. See

*Hayes v. Prudential Ins. Co. of Am.*, 60 F.4th 848, 855 (4th Cir. 2023); *J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F. Supp. 2d 586, 591 (D. Md. 2012) ("'Plaintiffs in federal court are permitted to plead in the alternative, but they are not permitted to plead in the ambiguous.'") (quoting *J & J Sports Prods., Inc. v. Torres*, No. 6:09-cv-391, 2009 U.S. Dist. LEXIS 52182 (M.D. Fla. June 22, 2009)). With eyes larger than his stomach, he pleaded himself out of court.

Plaintiff bemoans that he was not permitted to amend the First Amended Complaint to remove allegations purporting to support claims that had been dismissed under other defendants' Rule 12(b)(6) motions. That does not move the needle. He filed a putative class action lawsuit on a specious factual theory, and that choice meant alleging facts that undermined his other claims. Plaintiff stepped on a rake that *he* left out in the yard.

### i.    Plaintiff identified no "new facts" to merit Rule 59(e) relief.

The "new" "facts" that Plaintiff cites are neither "new" nor "facts" that warrant Rule 59(e) relief.

First, he suggests without proof that "[a]t the time of Torres' tow on behalf of the Auto Defendants of the Brown vehicle . . . on March 20, 2024," neither Torres Towing LLC nor its driver "was properly registered by the Virginia Department of Criminal Justice Services to act as a Tow Truck Driver." Dkt. 68, at 4. Setting aside the veracity of counsel's *ipse dixit*, Plaintiff presents nothing to support this claim. There is no affidavit or declaration, no deposition testimony, no printout of a roster from March 20, 2024, or any other document that tends to support this fact. It is astounding that Plaintiff would accuse Torres Towing LLC and its workers in a public-facing filing in federal court of criminal activity and present nothing to support it.

Even if Plaintiff's Motion came adorned with *beaucoup* exhibits showing that a Torres Towing LLC employee was operating without this license, Plaintiff's Motion fails to account for

this fact could not have been presented to the Court before September 2025. The repossession occurred in March 2024, so Plaintiff had ample time to pull this information from the public records of the corresponding governmental agency. It is beyond dispute that evidence in public records at the time of judgment cannot be considered newly discovered evidence. *Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018); *Crowell v. Campbell Soup Co.*, 264 F.3d 756, 764 (8th Cir. 2001); *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 360 (5th Cir. 1999); *Scutieri v. Paige*, 808 F.2d 785, 794 (11th Cir. 1987); *Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816, 822 n.6 (3d Cir. 2019) (per curiam); *Gray v. Staley*, 707 F. App'x 2, 2–3 (D.C. Cir. 2017) (per curiam).

But even still, this "fact" was presented already, albeit relegated to a footnote. Dkt. 59 at 1–2 n.1. If this "fact" were important, one would expect to see it fleshed out in detail in the main body of the pleading with points and authorities discussing it. *Pratt v. Sci. Applications Int'l Corp.*, Case No. 1:23-cv-417, 2024 U.S. Dist. LEXIS 165013, at *20 (E.D. Va. Sept. 11, 2024); *United States v. Dallman*, 433 F. Supp. 3d 804, 815 (E.D. Va. 2020). But he did nothing to present this "fact" squarely. Plaintiff relegated this "fact" to a footnote because it was fiction.

The second "new fact" is a decade-plus-old statute of the Code of Virginia. That is not a "new fact" either. The "new facts" Plaintiff identifies falls far short to clear the high bar of Rule 59(e) such that the arguments advanced are borderline frivolous. See 28 U.S.C. § 1927. So not only should the Court reject Plaintiff's motion on this basis, but also it should award Torres Towing LLC its attorney's fees for having to respond to such a manifestly unserious motion.

## ii.    No intervening change in controlling law is identified.

Plaintiff's Motion is supported by direct and internal citations to more than 100 unique state and federal court opinions. Only one of them is a published opinion of the United States

Court of Appeals for the Fourth Circuit, and there is nothing citing to a Supreme Court of the United States decision rendered after September 29, 2025. Not one of them is a published opinion from a Virginia appellate court issued after September 29, 2025. There is no citation to any statute enacted after September 29, 2025, nor a regulation promulgated after September 29, 2025. This alone is insufficient under Rule 59(e). *Halliburton*, 866 F.3d at 211.

*Halliburton* lays bare the seriousness of this rule. *Halliburton* resulted from a False Claims Act suit in the wake of the Iraq War. 866 F.3d at 203. Carter, the whistleblower here, alleged that a series of defense contractors had submitted fraudulent billing to the United States for water purification services. His lawsuit commenced in the Eastern District of Virginia in June 2011—roughly four years after similar suits had been filed in federal courts in Maryland and Texas. *Id.* Both cases ended up dismissed by early 2012. *Id.* Since those cases were ultimately dismissed, Carter sought to avoid application of the first-to-file rule and the applicable statute of limitations on account of the Wartime Suspension and Limitations Act (WSLA), but both the Eastern District of Virginia and later the Fourth Circuit agreed the WSLA afforded him no relief. *Id.* at 203–04 The Supreme Court affirmed in part and reversed in part, holding that one of Carter's claims may be timely. *Id.* at 204–05 (citing *Kellogg Brown & Root Servs., Inc v. United States ex rel. Carter*, 135 S.Ct. 1970, 1975–79 (2015)). The matter was remanded back to the Eastern District, which ruled that because both the Maryland and Texas suits were pending at the time the Carter suit was filed, the first-to-file rule precluded the instant suit, regardless of whether the earlier suits had been dismissed. *Id.* at 205 (quoting *United States ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 877 (E.D. Va. 2015)). Critically, the court denied leave to amend the operative complaint to add allegations of fact that the earlier-filed suits had been dismissed, thereby potentially getting around the first-to-file rule. *Id.*

After that matter had been dismissed yet again, the First Circuit issued a published opinion in the case *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1 (1st Cir. 2015). *Id.* at 205–06. There, the First Circuit held that "an FCA relator could cure a first-to-file defect by supplementing his or her complaint—pursuant to Federal Rule of Civil Procedure 15(d)—with an allegation that the earlier-filed, related actions that gave rise to the first-to-file defect had been dismissed." *Id.* at 206. Carter sought reconsideration of this dismissal, but the Court denied the motion because the First Circuit's opinion was not binding. *Id.* at 205–06 (citing *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 59 (E.D. Va. 2016)).

The Fourth Circuit affirmed. *Id.* at 210–11. First, it reasoned that the Eastern District of Virginia is not bound by published opinions of the First Circuit, so *Gadbois* did not constitute an intervening change in controlling law for purposes of Rule 59(e). *Id.* at 211. Second, it reasoned that the *Gadbois* decision was factually distinguishable because unlike in *Gadbois*, the instant proposed amended complaint below did not actually provide sufficient allegations of fact to circumvent the first-to-file defect. *Id.* Thereafter, the Supreme Court of the United States denied Carter's petition for a writ of certiorari, *United States ex rel. Carter v. Halliburton Co.*, 585 U.S. 1016 (2018), leaving in place the Fourth Circuit's analysis. Accordingly, to entitle a movant to relief under Rule 59(e), there must be (1) a new published opinion from either the Fourth Circuit or the United States Supreme Court; and (2) the opinion must actually govern the issue at bar.

Under the well-entrenched rule articulated most recently in *Halliburton*, Plaintiff's motion does not come close. Indeed, Plaintiff does not even cite, let alone discuss, *Halliburton* in his opening memorandum. This conspicuous omission explains why much of Plaintiff's brief is suffused with citations to caselaw from almost every court except the Supreme Court and Fourth Circuit. The only subsequent authority from within the Fourth Circuit Plaintiff cites concerning a

12

dismissal of an FDCPA claim is an order with no opinion whatsoever from Judge Walker. See dkt. 68, at 12 (citing *Thames v. Exeter Finances LLC*, Case No. 2:25-cv-159 (E.D. Va. Oct. 10, 2025)). Until a panel of the Fourth Circuit affirms *Thames* in a published opinion, *Thames* is not controlling and is therefore irrelevant for purposes of Rule 59(e). *Halliburton*, 866 F.3d at 211.

Even so, the specific issues that Torres Towing LLC raised in *Thames* were that (1) the complaint was insufficient to establish Torres Towing LLC as a debt collector under the FDCPA pursuant to *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019); and (2) the allegations were insufficient to pull Torres Towing LLC out of the safe-harbor provisions of the FDCPA. See **Exhibit 1**, Torres Towing LLC's Memorandum of Law in Support of its Motion to Dismiss. There are two critical distinctions between *Thames* and this case. First, unlike in *Thames*, Plaintiff expressly conceded that he was in default in his First Amended Complaint and that the financing agreement was before the Court. Second, here, Torres Towing LLC did not challenge its status as debt collector pursuant to *Obduskey*, unlike in *Thames*. So, even if *Thames* were sufficient to warrant Rule 59(e) relief, it does not address the issue that this Court did.

The only other subsequent authority Plaintiff cites is from the Southern District of Illinois. See Dkt. 68, at 22–25 (quoting *Roberts v. Image Recovery Serv., Inc.*, Case No. 24-cv-01119, 2025 U.S. Dist. LEXIS 201554 (S.D. Ill. Oct. 10, 2025)). Unlike *Thames*, the *Roberts* decision is actually supported by a written opinion, albeit unpublished and from another district court. *Id. Roberts* does not qualify as an intervening change in controlling law because it is an out-of-circuit, unpublished district court opinion. *Halliburton*, 866 F.3d at 211. But even if it were enough to warrant reconsideration, Plaintiff overstates the similarities. *Roberts* was decided on summary judgment, where there was no dispute of fact that the tow truck driver "saw Plaintiff sitting inside of the vehicle. . . . Despite this knowledge, he extended the grabber arms of his tow

truck's wheel lift and closed them around the tires of Plaintiff's occupied vehicle." 2025 U.S. Dist. LEXIS 201554, at *3. Here, there was no allegation in the First Amended Complaint that the Torres Towing LLC driver had actual knowledge of Plaintiff's presence in the vehicle before it was hooked up. Further, *Roberts* involved an FDCPA claim and Illinois state law—not Virginia law. So *Roberts* too is not enough to warrant Rule 59(e) relief.

### iii.    The Court's decision is not "dead-fish wrong."

The Court's decision Plaintiff challenges is not "wrong at all, much less dead-fish wrong." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 804 F.3d 646, 658 n.6 (4th Cir. 2015). The Court construed Section 8.9A-609(a) of the Virginia Code to show a "distinction between when a secured party has a right to take possession of collateral and the manner in which they may effectuate this right." Dkt. 65, at 6. The Court examined the financing agreement that Plaintiff did not object to and found that the secured creditor had both a statutory and contractual right to repossess the collateral upon Plaintiff's default. *Id.* It refused Plaintiff's extra-textual interpretation of this statute suggesting that a breach of peace results in the waiver of that right. *Id.* The Court reviewed the allegations of fact in the First Amended Complaint, the financing agreement, and the applicable statute and determined that there existed a "present right to repossess the vehicle" at the time described in the First Amended Complaint. *Id.*

Plaintiff spills considerable ink in his Motion suggesting that it was improper for the Court to consider arguments raised in a reply brief. But the Court credited Torres Towing LLC's argument raised in its opening brief in support of is motion to dismiss. Compare *id.* with dkt. 54, at 5–6. The Court's analysis of the FDCPA and the Virginia UCC started and ended with the statutes' plain meaning. *Thompson v. United States*, 145 S.Ct. 821, 826 (2025); *Hillman v. IRS*,

263 F.3d 338, 342 (4th Cir. 2001). It administered the laws and statutes as they are written. That is precisely what the Court is supposed to do.

Plaintiff seeks to take the Court to task for eschewing analysis of the breach-of-peace issue that predominates the claims against the defendants in this matter. But the Court correctly recognized that this is an issue of state law, and that without a separate jurisdictional basis to hear this case outside of the FDCPA, there was no basis impelling the Court to exercise subject matter jurisdiction over this case. Virginia's state judicial system stands at the ready to accept a new filing from Plaintiff. The available remedies to Plaintiff are the same, whether this case is litigated in the Eastern District of Virginia, the Western District of Texas, the Southern District of Florida, or a Virginia circuit court. The overwrought nature of Plaintiff's Motion suggests an unrequited desire to remain in this Court for no reason other than forum-shopping. This case—and the issue of whether there was actually a breach of the peace—richly deserves to be litigated in a Virginia circuit court.

In sum, Plaintiff's Motion for Reconsideration flunks the test that governs Rule 59(e) motions in the Fourth Circuit. It is supported by no newly discovered outcome-determinative facts. No intervening change in controlling law was presented. No injustice will befall Plaintiff from filing a lawsuit in state court. And the Court was not wrong at all, much less "dead-fish wrong." *Oberg*, 804 F.3d at 657 n.6.

### b.  Leave to Amend Is Not Appropriate

A post-dismissal amendment to a complaint is appropriate only upon the granting of a motion to reconsider. As stated *supra*, Plaintiff does not come close to meeting Rule 59(e)'s stringent requirements. Accordingly, on this basis alone, Plaintiff should not be given leave to amend. *Katyle*, 637 F.3d at 470.

Plaintiff stood on his First Amended Complaint and did not seek leave to amend. Only 28 days after his First Amended Complaint was dismissed did he seek leave. The Court has already refused to allow Plaintiff to file a Second Amended Complaint. See Dkt. 42; 2025 U.S. Dist. LEXIS 80575, at *10.

Even still, it appears that Plaintiff seeks leave to amend so that he can effectively "erase" admissions contained in it. *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998); *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (Although a superseded pleading "ceases to be a conclusive judicial admission[,] it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated…."); *Doss v. Apache Powder Co.*, 430 F.2d 1317, 1323 (5th Cir. 1970) ("Prohibiting defendant from introducing prior pleadings and cross-examining one of the plaintiffs about them was error. 'Abandoned pleadings . . . are properly admissible as ordinary declarations or admissions against interest.'"). After all,

> [t]he law is quite clear that superseded pleadings constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party. A party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories.

*Tun-Cos v. Perrotte*, 922 F.3d 514, 527–28 (4th Cir. 2019) (quoting *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984)) (alterations omitted).

Indeed, the removal of this concession that he was in default spells doom for the other codefendants, who secured a dismissal with prejudice of Count I more than a half year ago. See dkt. 42, 2025 U.S. Dist. LEXIS 80575, at *3, *9–10. The entire crux of the promissory estoppel claim was that SAFCO's representatives allegedly assured Plaintiff that the SCRA would protect him in default. Plaintiff had not challenged that ruling. That concrete is set.

Accordingly, there are many reasons why this Court should not grant leave to file yet another amended complaint. He has had multiple opportunities to plead his claims. Litigants in the Eastern District of Virginia do not get three bites at the apple. *Frazier v. First Advantage Background Servs. Corp.*, No. 3:17-cv-30, 2019 U.S. Dist. LEXIS 163220, at *53 (E.D. Va. Sept. 23, 2019). Pleadings are meant to frame the issues to be litigated and tried, which means eventually they have to close. The scheduling order closed pleadings months ago. A complaint is not an open house where allegations, claims, and parties may come and go as they please.

### c.   Certification to the Supreme Court of Virginia Is Unwarranted

The Court should deny Plaintiff's request to certify two questions of law to the Supreme Court of Virginia. This Court considers several factors when deciding whether to exercise that discretion, including (i) whether the question of law is determinative of the case; (ii) its imposition on the Supreme Court of Virginia; (iii) the ensuing increase in cost to the parties; (iv) delay in disposing of the case; and (v) judicial efficiency. *Kulshrestha v. Shady Grove Reprod. Sci. Ctr., P.C.*, 668 F. Supp. 3d 411, 418–19 (E.D. Va. 2023).

The five factors guiding the Court's exercise of discretion to certify questions of law counsel firmly against such a decision.

As to the first question—*May a secured party or its agents, on its behalf, tow a vehicle in breach of the peace while the owner is inside and objecting to the tow conducted without a court order?*—certification is not appropriate. The FDCPA claim—which provides the sole hook for which to hang this Court's jurisdiction—says nothing of a breach of the peace. The Court simply held that there is a contract that reposes in the secured creditor an immediate right to repossess the collateral in the event of default. See *In re Capital One 360 Sav. Acct. In. Rate Litig.*, MDL No. 1:24md3111, 2025 U.S. Dist. LEXIS 25710, at *13–14 (E.D. Va. Jan. 16, 2025) (faulting

movant for misstating holding). The Court carefully avoided answering the breach-of-peace question and dismissed the lawsuit to allow Plaintiff to try his luck in state court.

After all, a repossession is complete once the secured party exercises sufficient dominion and control over the collateral, and Torres Towing LLC's understanding is that the repossession was complete once the front wheels left the pavement. To construe the repossession as completed at any later point in time creates a perverse incentive for debtors to take to the streets of the Commonwealth of Virginia and jeopardizing the health and safety of not just the repo man and the debtor, but the innocent bystanders and motorists sharing the roads and sidewalks.

The Supreme Court of Virginia strongly disfavors piecemeal appellate practice and prefers that all it have all evidence before it when considering an appeal. *Mathieson Alkali Works v. Va. Banner Coal Corp.*, 140 Va. 89, 107, 124 S.E. 470, 475 (1924) (remarking that it would regularly "refuse an appeal from an interlocutory decree until the case is more fully developed on its merits."); *Higginbotham v. Brown*, 63 Va. (22 Gratt.) 323 (1872). There are few better examples of "judicial diseconomy" than piecemeal appeals. *Lienhart v. Dryvit Sys.*, 255 F.3d 138, 145 (4th Cir. 2001).

Certification will unnecessarily delay disposition. "The unavoidable delays of the law are many, and for this reason all unnecessary delay in the administration of justice should be avoided, as for delay has always constituted one of the greatest evils of the law." *Richmond Cedar Works v. Harper*, 129 Va. 481, 491, 106 S.E. 516, 520 (1921). A federal court like the Eastern District of Virginia "regularly interprets Virginia law and must 'decide questions of state law, even if difficult and uncertain, when necessary to render judgment.'" *Burke v. Thor Motor Coach, Inc.*, 113 F. Supp. 3d 863, 866 (E.D. Va. 2015) (quoting *Legard v. EQT Prod. Co.*, 771 F. Supp. 2d 607, 609 (W.D. Va. 2011)).

With a statutory entitlement to attorney fees for a successful claim, Plaintiff is incentivized to run up a colossal attorney fee bill here to leverage a favorable settlement of an FDCPA claim. Indeed, Plaintiff urges certification to the Supreme Court of Virginia by providing a comprehensive national survey of caselaw concerning breach-of-peace lawsuits under various state analogs to the Virginia UCC. See *Mars, Inc. v. Factory Mut. Ins. Co.*, Case No. 1:22-cv-626, 2023 U.S. Dist. LEXIS 41011, at *4–5 (E.D. Va. Mar. 10, 2023); *aff'd*, No. 23-1395, 2024 U.S. Dist. LEXIS 12446 (4th Cir. May 23, 2024); see also *West Am. Ins. Co.*, 673 F. Supp. at 764–65 ("Discretionary certification is inappropriate where, as here, there is persuasive authority available from other jurisdictions on the unresolved, dispositive state issue.").

This Court could have thrown Plaintiff's whole case out by dismissing everything with prejudice. But the Court intentionally refused to step into the breach-of-peace issue, instead providing Plaintiff the grace of pressing his luck in state court. If Plaintiff believes that he still has meritorious claims, then he should do what every other litigant is obliged to do in Virginia: file a complaint. There, a circuit court can decide on demurrer whether these same allegations give rise to these state-law claims. And if these claims survive demurrer, a jury can decide whom they believe. Whether *this particular repossession*—not the fiction in Plaintiff's briefing—was effected in contravention of Section 8.9A-609 should be presented to an appellate court system only after a factfinder has considered the controverted evidence and against the backdrop of argument presented by the parties. Anything short of that is to petition for a mere advisory opinion, which is not in the Supreme Court of Virginia's remit. *Rebh v. Cnty. Bd. of Arlington Cnty.*, 303 Va. 379, 381, 908 S.E.2d 439, 441 (2024) (collecting opinions).

## REQUEST FOR RELIEF UNDER 28 U.S.C. § 1927

A motion to dismiss is not a dress rehearsal.

> The trial courts labor under increasing burdens, and judicial economy requires that litigants have one, but only one, full and fair opportunity to argue a question of law. The time required to hear a litigant reargue a question a second time must be taken from other litigants who are waiting to be heard. For this reason, motions to reconsider are not favored.

*Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 403, 337 S.E.2d 744, 749 (1985).

This is precisely what Plaintiff has done here. He has multiplied the proceedings with a jumbo-sized reconsideration motion with arguments supported by citations to dozens and dozens of irrelevant, nonbinding cases. See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies* the proceedings in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") (emphasis added); *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d 1301, 1307–08 (M.D. Fla. 2010) (in FDCPA suit, inviting defendant to file a properly supported motion for reasonable fees). Plaintiff had three paths that he could take after September 29, 2025: (1) appeal to the Fourth Circuit; (2) initiate proceedings in a state court; or (3) discontinue his efforts altogether. He blazed his own trail with the fourth option: an abjectly meritless Rule 59(e) motion.

The Eastern District of Virginia "has consistently interpreted 'bad faith' to mean objective rather than subjective bad faith, which does not require malice or ill will; reckless indifference to the law will qualify. If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Stradtman v. Republic Servs., Inc.*, 121 F. Supp. 3d 578, 582 (E.D. Va. 2015) (quotation omitted). Rule 59(e) relief requires a much higher showing than what was mustered here. Binding Fourth Circuit precedent counseled against seeking reconsideration without an intervening change in controlling law from the Fourth Circuit or the United States

Supreme Court. Respect for precedent and awareness of what constitutes "controlling law" is a concept drilled into the heads of every law student in their first year. To permit a losing party to file a brief in support of a Rule 59(e) motion pushing thirty pages in length that says presents no new facts and no new law without consequence is to invite unhappy litigants to re-file their losing brief with the volume turned up.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration and leave to amend his First Amended Complaint denied as well. And since the question decided by this Court turned not on a question of Virginia law but instead on federal statutory law, certification of any question of law to the Supreme Court of Virginia is unnecessary. Accordingly, Torres Towing LLC respectfully requests that all relief Plaintiff seeks be denied, and that it be invited to submit a bill for its fees in responding to this Motion.

TORRES TOWING, LLC

By Counsel

/s/W. Benjamin Woody
W. Benjamin Woody (VSB No. 91306)
McAngus Goudelock & Courie
1925 Ballenger Avenue, Suite 560
Alexandria, Virginia 22314
703-822-4775 – Phone
703-997-6274 – Fax
ben.woody@mgclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2025, the foregoing was filed with the

Clerk of Court using NextGen PACER, which will automatically send a notice of electronic

filing and a copy thereof to all counsel of record as follows:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, PC
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

Phillip R. Robinson, Esq.
Consumer Law Center LLC
1220 Blair Mill Road, Suite 1105
Silver Spring, Maryland 20910
phillip@marylandconsumer.com
*Counsel for Plaintiff*

Leonard A. Bennett, Esq.
Craig C. Marchiando, Esq.
Adam W. Short, Esq.
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
lenbennett@clalegal.com
craig@clalegal.com
adam@clalegal.com
*Counsel for Plaintiff*

John T. Bergin, Esq.
Tim Taylor, Esq.
Sean Donlan, Esq.
Kilpatrick Townsend & Stockton LLP
701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20004
jbergin@ktslaw.com
ttaylor@ktslaw.com
sdonlan@ktslaw.com
*Counsel for MVConnect, Inc.;
Southern Auto Finance Company; and
SAFCO Warehouse SPV 1, LLC*


/s/W. Benjamin Woody
W. Benjamin Woody (VSB No. 91306)