IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JORDAN BROWN,

        Plaintiff,

                                       **CIVIL ACTION NO. 4:24-cv-128**

v.

TORRES TOWING, *et al.*,

        Defendants.

## *MEMORANDUM OPINION AND ORDER*

This matter is before the Court in this closed case on a "Motion to Alter or Amend Judgments (DKT. 65 & 66) Dismissing the Plaintiff's Amended Complaint, Leave to File a Second Amended Complaint, or in the Alternative, Motion to Certify Questions of Law to the Supreme Court of Virginia" filed by Jordan Brown ("Plaintiff"). ECF Nos. 67, 68. Additionally, Defendant in its opposition requests sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927.[1] For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff filed suit against Torres Towing ("Defendant"), alleging that Defendant repossessed his vehicle through unlawful means and methods, and by a breach of the peace in violation of 15 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA"). Am. Compl. ¶ 77. Plaintiff also brought Virginia state law claims for Conversion and Trespass to Chattels. *Id.* ¶¶ 107-114. Defendant moved to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 53, 54. On July 14, 2025, Plaintiff filed a Response in

---

[1] The Court will address Defendant's request for sanctions, although its request has not been filed in a formal motion.

Opposition. ECF No. 57. On July 21, 2025, Defendant filed a Reply. ECF No. 58. On July 24, 2025, Plaintiff filed an Objection to Defendant's Reply. ECF No. 59.

On September 29, 2025, the Court granted Defendant's Motion to Dismiss as to all of Plaintiff's asserted claims. ECF No. 65. First, the Court dismissed Plaintiff's claim under the FDCPA after finding that Plaintiff failed to state a claim under the FDCPA because Defendant had the statutory and contractual right to repossess Plaintiff's vehicle upon his default. *Id.* Next, after the Court dismissed the sole claim over which it had original jurisdiction, the Court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the claims without prejudice. *Id.* On October 1, 2025, the Court issued a subsequent Order in which the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendant MVTRAC, LLC., and dismissed these claims without prejudice. ECF No. 66.

On October 27, 2025, Plaintiff filed a Motion to Alter or Amend Judgments Dismissing the Plaintiff's Amended Complaint, Leave to File a Second Amended Complaint, or in the Alternative, Motion to Certify Questions of Law to the Supreme Court of Virginia. ECF Nos. 67, 68. On November 10, 2025, Defendant filed a response in opposition and requested the Court to impose sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. ECF No. 69. Plaintiff replied on December 1, 2025. ECF No. 74. Accordingly, Plaintiff's Motion is ripe for adjudication.

## II.    DISCUSSION

In his Motion to Alter or Amend, Plaintiff asks the Court to (i) reconsider its Dismissal Order pursuant to Federal Rules of Civil Procedure 59(e), 60(a), or 60(b); (ii) certify questions of law to the Supreme Court of Virginia; and (iii) grant leave to amend his complaint. *See* ECF No. 68. Defendant requests that the Court assess sanctions against Plaintiff's attorney pursuant to 28 U.S.C. § 1927. ECF No. 69 at 19-21. The Court will address each request in turn.

## A. Plaintiff's Reconsideration Request

Rule 59(e) authorizes a party to file a "motion to alter or amend a judgment...no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the United States Court of Appeals for the Fourth Circuit has explained:

> While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

After careful consideration, the Court determines that Plaintiff's Motion does not contain sufficient information to establish that there is a need to alter or amend the Court's prior Dismissal Order. While it is clear that Plaintiff disagrees with the Court's ruling, the Court finds that Plaintiff has not adequately established: (i) an intervening change in controlling law; (ii) the existence of new evidence that was previously unavailable; or (iii) the need to correct a clear error of law or prevent manifest injustice. *See* ECF No. 68 at 1-28; *see also Hutchinson*, 994 F.2d at 1081.

Plaintiff also seeks relief from the Court's Dismissal Order pursuant to Fed. R. Civ. P. 60(a) and 60(b). Rule 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In his Motion, Plaintiff challenges the substance of the Court's ruling as

3

opposed to a "clerical mistake" or "mistake arising from oversight or omission." Therefore, the Court will not reconsider or amend its judgment pursuant to Rule 60(a).

Rule 60(b)(6) permits a court to relieve a party from an order, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although Rule 60(b)(6) is a catch-all provision, "a motion under 60(b)(6) may not be granted absent extraordinary circumstances." *Murchison v. Astrue*, 466 F. App'x 225, 229 (4th Cir. 2012). "Extraordinary circumstances are those that create a substantial danger that the underlying judgment was unjust." *Id.* (alterations in original) (internal quotations and citations omitted).

In this case, Plaintiff's complaint against the Court's Dismissal Order essentially reiterates that Plaintiff disagrees with the Court's conclusions. Plaintiff's disagreements, however, do not constitute an "extraordinary circumstance" that would permit relief here. *See Kemp v. United States*, 596 U.S. 528, 533 (2022) (explaining when a party seeks relief under Rule 60(b)(6) "extraordinary circumstances must justify reopening").

## B. Plaintiff's Request to Amend

Plaintiff seeks leave to amend his complaint to (i) remove the allegations related to Count I; (ii) remove the claims against the City of Hampton; and (iii) add additional facts to include Torres Towing did not have the right to perform any tow under Virginia law and conducting tows in Virginia without registration is a crime. ECF No. 68 at 3-4.

Under Fed. R. Civ. P. 15(a), a plaintiff may amend his complaint once as a matter of course before the defendant files a responsive pleading. Once the defendant files a responsive pleading, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant. *Id.* The Fourth Circuit has recognize that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on

the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, when a party files a post-judgment motion to amend, "the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

As noted above, the Court has declined to alter or amend its judgments in this case pursuant to Rule 59(e), 60(a), or 60(b). Therefore, since the Court did not vacate its judgments under these rules, the Court may not grant Plaintiff's post-judgment motion to amend his complaint. *See Laber*, 438 F.3d at 427.

### C. Plaintiff's Motion to Certify Questions of Law to the Supreme Court of Virginia

Plaintiff asks this Court to certify the following questions of law to the Supreme Court of Virginia:

> (i) May a secured party or its agents, on its behalf, tow a vehicle in breach of the peace while the owner is inside and objecting to the tow conducted without a court order?
>
> (ii) Does the involvement of the police by the secured party and its agents to remove the owner of car objecting to the tow conducted without a court order constitute a breach of the peace?

ECF No. 68 at 28. Plaintiff contends that the answers to these questions will inform the Court's application of the FDCPA and ensure that the Court's conclusion that the sources cited by Plaintiff "[do] not stand for the proposition that a breach of the peace tow, without a court order, is barred by Virginia law. *Id.*

5

Under Rule 5:40 of the Rules of the Supreme Court of Virginia, a federal district court may certify a question of law, so long as that question "is determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point in the decisions of [the Supreme Court of Virginia] or the Court of Appeals of Virginia." The decision to certify a question is within the district court's sound discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-391 (1974). In exercising its discretion, the district court should consider the "imposition on the time and resources of the Supreme Court of Virginia, as well as the effect on the time and resources of the parties, the protraction of the proceedings, and judicial efficiency. *W. Am. Ins. Co. v. Bank of Isle of Wright*, 673 F. Supp. 760, 764 (E.D. Va. 1987).

As a threshold matter, Plaintiff's contention and questions misconstrue the Court's findings in this case. Plaintiff claimed that Defendant violated the FDCPA by taking "nonjudicial action to effect dispossession or disablement of Plaintiff's vehicle at a time when there was no present right to possession of the vehicle." Am. Compl. ¶ 77. In its Dismissal Order, the Court first noted that courts look to the relevant state laws to determine whether a party has a present right to possession under the FDCPA. ECF No. 65 at 5. The Court subsequently applied Va. Code Ann. § 8.9A-609(a), noting that the statute distinguishes between when a secured party has a present right of possession in collateral and the limitations on the manner in which they may effectuate this right. *Id.* at 6. Plaintiff's claim assumed that a breach of the peace, served as a waiver of a secured party's right to take possession of collateral, as opposed to an impermissible means in which to repossess collateral. *Id.* Ultimately, the Court found that Plaintiff failed to state a claim under the FDCPA because upon Plaintiff's default, Defendant had a present right to repossess the vehicle under Va. Code Ann. § 8.9A-609(a)(1). *Id.*

6

Despite Plaintiff's contention, the Court did not determine whether a breach of the peace constitutes a violation of Virginia law or whether there was a breach of the peace in this case. Nor does the Court's opinion rely on the determination of whether a breach of the peace occurred because the reference to breach of the peace in Va. Code Ann. § 8.9A-609(a)(1), simply relates to the limitations on the manner in which a secured party may effectuate their present right to repossess collateral. Thus, the questions Plaintiff seeks to certify to the Supreme Court of Virginia, asking whether a breach of the peace occurred or if a party may breach the peace while repossessing collateral, are not determinative in this case. Va. Sup. Ct. R. 5:40 ("This Court may in its discretion answer questions of law certified to it by...a United States district court...if a question of Virginia law is determinative in any proceeding..."). Because the questions Plaintiff seeks to certify are not determinative in this case, the Court finds that the questions do not merit certification to the Supreme Court of Virginia. For the reasons stated above, Plaintiff's Motion to Alter or Amend Judgments, Grant Leave to Amend, or Certify Questions of Law is **DENIED.**

### D. Defendant's Request for Sanctions

In its opposition, Defendant asks this Court to impose sanctions pursuant to 28 U.S.C. § 1927, requiring Plaintiff's counsel to pay Defendant's attorneys' fees in responding to this Motion. ECF No. 69 at 19-21. Defendant contends that Plaintiff's counsel has multiplied the proceedings by filing a "meritless Rule 59(e) motion" supported by dozens of "irrelevant[] nonbinding cases," and seeks reconsideration "without an intervening change in controlling law from the Fourth Circuit or the United States Supreme Court." *Id.*

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. § 1927. "The focus of

§ 1927 is on the attorneys' conduct of the litigation, rather than on the merits." *Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 562, 566 (E.D. Va. 2002). A "finding of bad faith is a necessary precondition to imposition of fees on an attorney under § 1927." *Id.* (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991)).

The Court finds that there is no indication that Plaintiff's counsel engaged in the bad faith conduct sought to be remedied by § 1927 sanctions. Plaintiff, although unsuccessful in their Motion, proceeded vigorously in their claim under the FDCPA under a good faith belief that Defendant violated its terms. Although the Court declined to accept their interpretation of the FDCPA and Va. Code Ann. § 8.9A-609(a)(1), it does not warrant the imposition of sanctions for what Plaintiff's attorney perceived to be an arguable issue of law. Further, Plaintiff's counsel did not multiply the proceedings as contemplated by § 1927 by filing a motion to reconsider or amend the Court's judgment. Section 1927 seeks to admonish unnecessary delay and process to the extent created by the bad faith conduct of counsel. Plaintiff counsel's conduct in this case does not indicate the requisite bad faith. Accordingly, Defendant's request for sanctions pursuant to 28 U.S.C. § 1927 against Plaintiff's counsel does not warrant relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgments, Grant Leave to Amend, or Certify Questions of Law is **DENIED**. ECF Nos. 67, 68.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the Parties.

**IT IS SO ORDERED**

Newport News, Virginia
April  1 , 2026

Raymond A. Jackson
United States District Judge

9